CHARLES W. CLAYTON v. ANNA SIEVERTSEN *et al.,* Appellants.

Appeal: MATTERS AFFECTING ONE NOT BEFORE' THE SUPREME COURT. Plaintiff sold land to S., who executed a purchase money mortgage. Thereafter the land was conveyed to D., and a claim against plaintiff for alleged shortage in acreage was assigned to D., D. filed a cross claim for $1,700 for shortage in the acreage; and asked that the notes and mortgage to that extent be canceled. Judgment for the full amount was entered against S., the relief denied D., who appealed. ·*Held*, that, if relief be granted D., and the lien on the land reduced to that extent, the judgment against S. would remain unsatisfied, and S, would be affected by the appeal, and no notice thereof having been served on S., it would be dismissed.

*Appeal from Pocahontas District Court.*—HON. F. H. HELSELL, Judge.

SATURDAY, OCTOBER 5, 1901.

THE plaintiff sold certain land to Anna Sievertsen, who as a part of the purchase price, executed to him the notes and mortgage sued on. Afterwards the Sievertsens conveyed the land to Dennis, and also assigned to him any claim they had of damage because of an alleged shortage in the acreage when sold to them by plaintiff. In an answer and cross petition Dennis averred plaintiff received payment for 31 acres more than he deeded to the Sievertsens, and prayed that it be treated as an offset on the notes as of their dates. The Sievertsens charged that the assignment was procured by Dennis through fraud, and without consideration, and asked for its cancellation. They made no defense against the claims of plaintiff. Judgment was entered against the Sievertsens as prayed, and a decree of foreclosure against the

land. They were denied relief as against Dennis, and the cross petition of the latter was dismissed. He appeals. *Dismissed.*

*Gilchrist & Wipple* for appellant.

*E. A. Morling* for appellee.

LADD, J.—Jurisdictional facts, such as service of notice of appeal, must appear in the abstracts. *Phillips v. Follet,* 69 Iowa, 39; *Baer v. Insurance Co.,* 86 Iowa, 752; *Bowman v. Day,* 86 Iowa, 746; *Talbort v. Noble,* 75 Iowa, 167. Their existence cannot be denied in argument. *Anglo-Am. Agency v. Bush,* 84 Iowa, 272. Nor can their omission be so supplied. "A part of several co-parties" in appealing "must serve notice of the appeal upon those not joining therein." Section 4111, Code. This notice takes the place of the summons awarded on motion of the plaintiff in error at common law that other co-parties join in the appeal, and the severance granted on refusal permitting him to prosecute the appeal alone. Yet co-parties not united in interest with appellant, those whose interests might not be affected by the adjudication of the appellate tribunal, were not necessary parties. See 2 Enc. Pl. & Prac. 185 *et seq.* Our statute has therefore been construed to have no reference to co-parties not interested in the question to be decided. *Moore v. Held,* 73 Iowa, 538; *Payne v. Raubinek,* 82 Iowa, 589; *Soukup v. Investment Co.,* 84 Iowa, 448; *Wright v. Mahaffey,* 76 Iowa, 96. Very evidently, as remarked in the last case, service of notice on such co-parties cannot be regarded as jurisdictional. But, when the co-party may be prejudicially affected by a modification or reversal of the order, judgment, or decree appealed from, then such service on him is essential to the consideration of any point so involving his interests; and without it the appeal will not be entertained. *Hunt v. Hawley,* 70 Iowa, 183; *Day v. Insurance Co.,* 77 Iowa, 343; *Fisher v. Chaffee,* 96 Iowa, 15. And service of notice of ap-

peal on co-parties whose interests may be affected is juris-
dictional with respect to all questions involving such inter-
ests. *Estis v. Trabue,* 128 U. S. 225, (9 Sup. Ct. Rep. 58,
32 L. Ed. 437); *Hamilton v. Blair,* 23 Or. 64, (31 Pac.
Rep. 197); *Hunderlock v. Investment Co.,* 88 Ind. 139; *In
re Castle Dome Mining & Smelting Co.,* 79 Cal. 246 (21 Pac.
Rep. 746.) As said in Elliot, Appeal Practice: "It certainly
is jurisdictional whenever the nature of the case is such as to
render it necessary to have all the parties before the court
in order to fully determine their rights." Section 144. It
follows that, unless it appear from the abstracts that service
of notice of appeal was had on all co-parties whose interests
may be prejudicially affected by a modification of the decree
the appeal must be dismissed. See *Conrad v. Packing Co.,*
34 Or. 337, (49 Pac. Rep. 659, 57 Pac. Rep. 1021).

II.    The record fails to show the service of the notice of
appeal on Anna or Hendrick Sievertsen, and the test to be
applied is, can this court modify the decree as to Dennis
without in any way prejudicing or affecting the rights of
these defendants? Judgment was entered against them only
for the entire amount claimed. The co-defendant Dennis
was interested solely as their grantee of the land on which
the mortgage was foreclosed and assignee of their claim for
damages for the alleged shortage in the acreage sold to them
by plaintiff. In his answer and cross petition Dennis asked
to be allowed $1,700, and "to that amount and extent the
notes secured by said mortgage be canceled by credit thereon
as of the date of said notes, and that judgment be entered
against plaintiff accordingly." He was denied this relief
in the decree. This only he seeks on appeal. If granted, the
reduction could not be applied on the judgment against the
Sievertsens, as they have not appealed, and as against them
the judgment must stand. *Jenness v. Amber,* 62 N. H. 569;
*Alexander v. Buffington,* 66 Iowa, 360; *Devoe v. Hall,* 60
Iowa, 749; *Charlton v. Sloan,* 76 Iowa, 288; *Butler v. Bark-
ley,* 67 Iowa, 491. But the decree directs that the land be
first sold, the proceeds be applied in liquidation of the judg-

ment, and that general execution issue for the balance only. If, then, the amount of the lien be reduced by the value of alleged shortage—the only relief which can be claimed by Dennis,—to that extent the judgment will necessarily remain unsatisfied, and an absolute liability of the Sievertsens. The record indicates that in all probability the land will sell for enough to satisfy the judgment debt. Manifestly, then, to adjudge that part thereof shall not be satisfied from a sale of the land would to that extent affect the interests of the Sievertsens. Any modification would fix their liability and relieve the property of Dennis in precisely the same amount. As their interests would be prejudicially affected, the appeal must be DISMISSED.