130    405
141    270
142    292
142    293

GEORGE C. DILLAVOU, Executor, and others, Appellees, v. JOHN L. DILLAVOU, and others, Appellants.

Appeal: NOTICE: JURISDICTION. Failure to serve notice of appeal on a party whose rights would be affected by a reversal of the judgment below will deprive the appellate court of jurisdiction.

Action to construe a will: SERVICE BY PUBLICATION. Code, section 3534, authorizes service by publication on a nonresident defendant in an action to construe a will.

*Appeal from Greene District Court.*— HON. Z. A. CHURCH, Judge.

TUESDAY, APRIL 10, 1906.

THE opinion states the case.— *Dismissed.*

*Wilson & Albert.* for appellants.

*Howard & Howard* and *Carr, Hewitt, Parker & Wright,* for appellees.

WEAVER, J.— On the original submission of this case, an opinion was handed down discussing the appeal upon its merits, and reversing the judgment of the trial court. See *Dillavou v. Dillavou,* 104 N. W. 432. In that opinion we overruled the objection of the appellees to the jurisdiction of this court; but, it afterward appearing that this ruling was based on a misapprehension of the record, a rehearing was granted upon the petition of the appellee. The situation in respect to the appeal is this. James Dillavou died testate, leaving a widow and ten children, all of whom were made beneficiaries under the will. He had been twice married, and of his ten children four, George C., Rebecca Jane, Mary E., and John L., were born of the first marriage, and the other six were born to him by the second wife, who sur-

vived him. The will gave to the four older children each one-tenth of the entire estate. The remaining six-tenths he gave to his wife for life, with remainder in equal shares to the six children of his marriage with her. After the death of the testator the widow renounced the provision of the will in her favor, and elected to take under the statute. The question then arose whether the widow's share should be taken from the entire estate, reducing the share to be received by each of the ten children in equal proportion, or whether each of the four children of the first marriage should receive one-tenth of the entire estate, thus casting the entire burden of the widow's share upon the other six-tenths devised to her and her children. To settle that dispute this action was brought in the form of a proceeding to construe the will; three of the older children appearing with the executor as plaintiffs. The other child of the first marriage, John L. Dillavou, being a non-resident, was joined as a defendant with the other six children, and notice upon him was served by publication. The trial court sustained the contention of the plaintiffs, ruling that the four children of the first marriage were entitled to take each a full one-tenth of the entire estate undiminished by the widow's share, and from this ruling five of the children of the second marriage appeal.

John L. Dillavou, who was served with original notice by publication, did not appear to the proceeding. No notice of appeal was served upon him. Because of this failure to serve notice on said defendant, the jurisdiction of this court to entertain the appeal is challenged. In overruling the objection on the former hearing, we proceeded on the assumption that upon no theory of the case could the defendant not served be subjected to a more unfavorable judgment than had been entered in the trial court, and that a failure to give him notice was therefore immaterial. Such was the case in fact as to the other defendants, children of the second marriage; and in

1. APPEAL: notice: jurisdiction.

writing the opinion we inadvertently treated John L. Dillavou as being in the same category. In truth, however, as will readily be seen, his interest was identical with that of the plaintiffs, and the success of the appellants would materially diminish the amount and value of his share in the estate. It is clear therefrom that, under the settled rule of this court, service of notice of the appeal on John L. Dillavou is essential to our jurisdiction, and the appeal must be dismissed unless that result is to be avoided on grounds urged by the appellants. *Goodwin v. Hilliard*, 76 Iowa, 555; *Day v. Insurance Co.*, 77 Iowa, 343; *Clayton v. Sievertsen*, 115 Iowa, 687.

It is the appellant's contention that John L. Dillavou was not in fact a party to the case in the trial court, and therefore notice upon him of the appeal is not necessary. In 2. ACTION TO CONSTRUE A WILL: service by publication. support of this proposition it is first said that there is no sufficient proof of the publication of the original notice. We shall not stop to rehearse the record in this respect. The objections made are technical. The course pointed out by the statute appears to have been followed out with substantial fidelity, and to hold the notice ineffectual because of slight and immaterial omissions or discrepancies would be to establish an unfortunate precedent. But counsel further urge, with much earnestness, that an action brought for the construction of a will is not a proceeding in which service of notice by publication is allowable. Hence the publication in the instant case had no effect to bring John L. Dillavou into court, and, not having been brought into the district court, no notice of appeal is required as to him. We do not so understand the statute. By Code, section 3534, a notice by publication as against nonresident defendants is permitted in a variety of cases. Among them are enumerated actions for " the recovery of real property or an estate therein," actions " to establish or set aside a will," and actions. " which relate to, or the subject of which is, real or per-

sonal property in this state when any defendant has, or claims to have, a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein." It appears to us very clear that these provisions are broad enough to include actions like the one here presented. No amount of discussion can make this clearer than a candid reading of the statute itself. Indeed it would be an unfortunate conclusion, were we compelled to hold that actions of this important character, upon which the settlement of estates may often depend, could be blocked because of inability to get personal service of notice within the state upon nonresident parties in interest.

We are reluctant at all times to sustain objections which have the effect to deprive parties of a hearing upon the merits of their case, but when the objection goes to the jurisdiction of the court, and appears to be well founded, we have no choice or discretion in the matter. The opinion formerly handed down is withdrawn, and the defendant's appeal is dismissed.— *Dismissed.*