In re Will of MARY DOWNS, Deceased, J. L. DOWNS ET AL., Proponents, Appellants, v. MRS. KATE BURGESS and W. S. DOWNS, Contestants.

**Will contest:** APPEAL: SERVICE OF NOTICE ON CO-PARTIES. Co-parties not joining in an appeal must be served with notice thereof, unless it is made to appear that such parties can not be prejudicially affected by a reversal; so that an appeal from a judgment setting aside a will taken by part of defendants will be dismissed for failure to serve with notice those not appealing, where it appears that those not served would take more as heirs than they would under the will; and the court will not speculate as to the possibilities by which it might be to the interest of such co-parties to sustain the will.

**Same.** Notation on the appearance docket by the clerk of the return of service of an original notice showing who of the parties have been served, and the manner and time of service, is not necessary to charge an appealing party with notice as to what parties are entitled to notice of appeal.

*Appeal from Washington District Court.*—HON. K. E. WILCOCKSON, Judge.

WEDNESDAY, FEBRUARY 17, 1909.

IN a proceeding for probate of will, contested on grounds of undue influence and want of mental capacity,

there was a verdict for contestants, with a special finding in their favor on each ground. From judgment on such verdict the proponents appeal.—Appeal *dismissed*.

*John F. Lacey, Wilson & Wilson, Edmund D. Morrison* and *C. J. Wilson,* for appellants.

*Seerley & Clark* and *Eicher & Livingston,* for appellees.

McCLAIN, J.—Appellee's motion to dismiss the appeal, submitted with the case, is based on the ground that the notice of appeal was not served on two parties to the proceeding who were coparties with appellants. As to this matter the facts appearing in the record are as follows: In February, 1907, an instrument purporting to be the last will of Mary Downs, deceased, and appearing to have been duly executed, was filed with the clerk of the district court of Washington County for probate. Mrs. Kate Burgess and W. S. Downs, heirs of testatrix, each filed objections to the probate of the will; and on December 24, 1908, service of the notice of their contest, addressed to J. L. Downs, Mamie Downs, Pauline Downs, Josephine Downs, Linnie D. Savage, and Grace O. Salisbury, beneficiaries under the will, was accepted by Mrs. Linnie D. Savage and Mrs. Grace O. Salisbury. So far as appears this was the first and only notice relating to the proposed probate of the will, although it is to be presumed that there was general notice thereof by publication as provided in Code, section 3284. J. L. Downs appeared by attorneys, and Pauline Downs and Josephine Downs by guardian *ad litem,* to sustain the will as against the objections made; but Mrs. Savage and Mrs. Salisbury who, with J. L. Downs, were heirs as well as legatees, made no appearance and took no part in the proceedings. It is plain that J. L. Downs, Pauline Downs, Josephine

Downs, Linnie D. Savage, and Grace O. Salisbury (no
service on or appearance by Mamie Downs being shown)
were coparties in the proceeding.    Each was a legatee,
and they therefore had apparently a common interest in
sustaining the will.    The judgment deprived each of any
interest in the estate under the provisions of the will.

By Code, section 4111, it is provided that "A part
of several co-parties may appeal; but in such case they
must serve notice of the appeal upon those not joining
therein, and file proof thereof with the clerk
of the Supreme Court."    The notice of ap-
peal, signed by the attorneys for J. L.
Downs and the guardian *ad litem* of Pauline
Downs and Josephine Downs, was addressed
to the two contestants and their attorneys and the clerk
of the district court, but no notice was addressed to nor
served upon Mrs. Savage or Mrs. Salisbury, and the con-
testants, appellees, have moved in this court to have the
appeal dismissed for want of service upon the parties last
named.    While the failure to serve coparties does not pre-
vent this court from acquiring jurisdiction if there is a
notice of appeal which is sufficient as to adverse parties,
nevertheless the court will, on proper objection being made,
refuse to entertain the appeal if the coparties not served
might be prejudicially affected by a reversal of the judg-
ment from which the appeal is taken.    *Lippold v. Lip-
pold,* 112 Iowa, 134; *Clayton v. Sievertsen,* 115 Iowa,
687.    In the case of *Dillavou v. Dillavou,* 130 Iowa, 405,
this court refused, in a proceeding for the construction of
a will, to entertain an appeal taken by a part of the
defendants without service of notice on a codefendant
not joining in the appeal, although he was served with
original notice by publication only and had entered no
appearance; the judgment appealed from being such that
his interest under the will would be diminished in amount
and value by the success of the appellants.

1. WILL CONTEST:
appeal: ser-
vice of notice
on coparties.

Several reasons are assigned by appellant to show that the interest of Mrs. Savage and Mrs. Salisbury could not be affected prejudically by a reversal of the judgment in this case: First, it is said that the judgment deprives them of their legacies, and therefore they would be benefited by a reversal. It must be remembered, however, that they are heirs entitled each to a one-ninth interest in the estate, and counsel for appellee concede that under the showing in the record such a share exceeds in value the legacy of each, and, as the will disposed of all the property of testatrix, the sustaining of the will means a loss of any interest as heir. But it is said that their shares as heirs would be lost to them by the probating of a prior will to which some reference is made in the record, by its terms disposing of all of testatrix's property without any provision for these heirs. We can not presume, however, that there was a prior will which would be admitted to probate with this effect. The evidence as to the prior will tends to show that it was destroyed by accident or design, and it does not appear that its due execution can be established or its contents proven with sufficient certainty to justify its probate. Finally, it is said that, after the execution of the will now under consideration, testatrix conveyed to each of these two heirs by trust deed property of the value of $1,500, which will not be realized to them if this judgment stands, for the trust deeds may be set aside on the ground of mental incapacity of the grantor; the contention being that the same evidence which has been held sufficient to defeat this will would, in an action to set aside the trust deeds, be sufficient to show that testatrix remained of unsound mind until her death. But we can not speculate as to possibilities. The controlling fact is that, although Mrs. Savage and Mrs. Salisbury have not joined in the contest, they are, on the face of the record, interested with their coheirs, the contestants, in having the judgment refusing probate sustained,

for, so far, as has been in any way determined, they will thus be entitled to an interest in the estate as heirs of greater value and in a different right than that which they would take under the will if the judgment were reversed and on a new trial a probate thereof should be awarded. The statutory rule is that coparties not joining in an appeal must be served with notice thereof, and the exception has no application unless it is made to appear that the interest of such coparty can not be prejudicially affected by the success of the appeal. This is substantially the language of the cases which have already been cited.

Our attention is called, however, to a statutory provision requiring that, when an original notice shall be returned to the office of the clerk of the district court, he shall enter in his appearance docket "so much of the return thereon as to show who of the parties have been served therewith, and the manner and time of service." See Code, section 290. Although this section is in a chapter of the Code having no special reference to probate proceedings, we may concede for present purposes that it applies to such a notice as was served upon Mrs. Savage and Mrs. Salisbury, and it appears that the only entry with reference thereto in the docket was of the filing of such notice on January 8, 1908, without setting forth any portion of the return or acceptance of service. But the filing with the clerk of the notice showing acceptance of service made such notice and acceptance a part of the record in the case. No other method of procedure to make such notice and service a part of the record is pointed out, and by Code, section 4123, notices thus filed with the clerk are to be transmitted to the Supreme Court when required as a part of the record of the case on appeal. This court has never held or even suggested, so far as we can discover, that the entry contemplated by Code, section 290, above referred to, was necessary to charge an appealing party with notice

2. SAME.

as to who are the parties to the case entitled to notice on his appeal. He is bound to know what the records show as to notice, service, acceptance and like matters.

The motion to dismiss the appeal must be sustained. Other motions by appellee, also submitted with the case, are overruled.

The appeal is *dismissed*.