OSKALOOSA SAVINGS BANK, Appellee, v. ELIZABETH. MILLER, Administratrix, Appellant.

**APPEAL AND ERROR:** Notice of Appeal—Coparties. The appellate court has no constitutional power to consider an appeal, when a reversal would take something substantial from a coparty not served with notice of appeal. So held where a reversal would deprive a nonserved coparty of his declared right to inherit.

*Appeal from Mahaska District Court.*—K. E. WILLCOCKSON, Judge.

MARCH 10, 1920.

REHEARING DENIED JULY 6, 1920.

JOHN W. MCMILLAN died before his wife, Mary Ann McMillan, and died testate. Mary Ann McMillan and her son, W. H., executed a note to appellee, Oskaloosa Savings Bank. This is a controversy over whether Mary A. McMillan has an interest in the estate of her predeceased husband which may be subjected to the payment of said note. In effect, the trial court held that she had such an interest, and the administratrix appeals.—*Dismissed.*

*W. H. Keating,* for appellant.

*Burrell & Devitt,* for appellee.

·SALINGER, J.—I. Appellee moves a· dismissal because no notice of appeal was served on W. H. McMillan. Section 4111, Code, 1897, which requires service on coparties, creates no substantive law. Before the passage of that statute, this court lacked the power to settle controversies where there was a fatal defect in parties. That is still so. It is a denial of due process of law to act, if necessary parties are not before the court. This statute merely declares how a fatal defect of parties may be avoided. It takes the place of summons awarded at common law, on motion of the plaintiff in error, that other parties join in the appeal, and of the severance granted on refusal which permitted that plaintiff to prosecute the appeal alone.

No appellate court may take anything from one over whom it has not acquired jurisdiction. This statute provides the means for obtaining that jurisdiction. While it is in partition suits that refusals to entertain appeals for lack of parties have most frequently occurred, such refusal is not, as appellant seems to urge, partition law. The limitation upon judicial action is, in essence, that no reversal shall take away anything from one who is not brought into court.

The failure to serve the notice required by this statute is, strictly speaking, not a failure to obtain jurisdiction for the appellate court. It may decide the appeal, provided it is unnecessary to pass upon any issue that affects the party not brought into court. The notice, in strictness, does not more than give power to consider matters involving the interest of the party notified. *Clayton v. Sievertsen*, 115 Iowa 687, at 688. But it is the text of Elliott's Appellate Procedure, Section 144, approved in the *Sievertsen* case, that such notice, "certainly is jurisdictional wherever the nature of the case is such as to render it necessary to have all the parties before the court, in order to fully determine their rights." And, if there may not be a reversal without prejudicing parties who have not been served,. the appeal must be dismissed. *Clayton v. Sievertsen*, 115 Iowa 687, at 689. As was said in *In Re Will*

*of Downs,* 141 Iowa 268, a contested proceeding to probate a will:

"While the failure to serve coparties does not prevent this court from acquiring jurisdiction if there is a notice of appeal which is sufficient as to adverse parties, nevertheless, the court will, on proper objection being made, refuse to entertain the appeal, if the coparties not served might be prejudicially affected by a reversal of the judgment from which the appeal is taken."

We held, in *Clayton v. Sievertsen,* 115 Iowa 687, at 689, that appeal must be dismissed if any modification would help the appellant at the expense of the coparties who were not served. We may act only if reversal will not materially disturb the rights which one not served with notice has obtained in the court below. *Dillavou v. Dillavou,* 130 Iowa 405. To the same effect is *McCarty v. Campbell,* 166 Iowa 129, and *Laprell v. Jarosh,* 83 Iowa 753, and *Ash v. Ash,* 90 Iowa 229, which adds that, if the notice of appeal be not served, it will not give jurisdiction that the one not served makes voluntary appearance in the Supreme Court. To like effect is *Hunt v. Hawley,* 70 Iowa 183, wherein we said that:

"It is, therefore, useless to go through the idle form and ceremony of considering the merits of this action, when we are powerless to render any judgment other or different from that entered in the court below."

The cases relied on by the appellant do not aid her. On the contrary, their reasoning militates against her appeal. In *Capital Food Co. v. Globe Coal Co.,* 142 Iowa 134, 136, we found affirmatively that a reversal could not affect the party who was not served, if, indeed, he were a party at all. In *Douglass v. Agne,* 125 Iowa 65, at 69, it is found affirmatively that a reversal could not affect the liability of the person not served, even if he were deemed a coparty. And in *Padden v. Clark,* 124 Iowa 94, it was held that service of notice of appeal on the members of a partnership was unnecessary, where, though the suit was originally

against the partnership, it was so changed as to be a suit against one partner in his individual capacity, and he had notice.

II.   It follows there is but one question to be determined on this motion, to wit:   May we reverse the order of the trial court on the appeal of this administratrix without of necessity taking something substantial from W. H. · McMillan which he was given in the trial court?

In view of the disposition made of the appeal, it becomes unnecessary to speak fully of what was done below. For the purposes of the decision here, it suffices to say that, if the order appealed from stands, W. H. McMillan will inherit something over $600, which sum, plus over $1,800, will be used to pay a note made to appellee, which was signed by McMillan and his mother.   On the other hand, if the order appealed from be reversed, roughly speaking, something over $2,400, which would be, as said, applied on said note, would instead be taken by appellant and her sister, Margaret White.   Conditions were such as to impel the appellant, on the hearing below, to say, in an answer and cross-petition, that, because of these conditions, "she asks that the said W. H. McMillan be made a party to this proceeding, in order that the interest of all parties may be fully determined."   What we have said demonstrates that it is still necessary to have W. H. McMillan in court, "in order that the interest of all parties may be fully determined."   It is manifest there can be no reversal without materially affecting the interest of W. H. McMillan.   As seen, the law declares that, in such situation, we have no power to reverse.

It is urged upon us that the action in favor of W. H. McMillan has no support in the evidence; that no evidence was adduced on his claims.   We have examined the record, and think that this is an erroneous contention.   But suppose it be not.   Surely, W. H. McMillan, who is not in this court, cannot be concluded by any argument made to obtain a reversal.   If the rights he has under the order below cannot be interfered with because he was not served,

neither can any argument for disturbing these rights be considered, where he has not been given an opportunity to respond to it.

We are constrained to dismiss this appeal.—*Dismissed.*

Weaver, C. J., Evans and Preston, JJ., concur.