KITTY ELIZABETH FAIRCHILD, Appellant, v. MARY PLANK et al., Appellees.

APPEAL AND ERROR: Effect of Naming Clients in Acknowledgment of Service. An attorney who signs an acknowledgment of service of a notice of appeal, and enters after his signature a specific enumeration of the names of the persons for whom he is attorney, does not thereby acknowledge service for a party for whom he is, in fact, attorney, but whose name does not appear, either among those to whom the notice is addressed or among those entered in connection with his signature.

APPEAL AND ERROR: Construction of Notice of Appeal. Entering after the name of an attorney to whom a notice of appeal is addressed an enumeration of names of parties for whom the attorney is, in truth, attorney, and the act of the acknowledging attorney in making a like enumeration after his acknowledging signature, may not be construed as simply an attempt to identify the attorney.

APPEAL AND ERROR: Varying Appeal Notice by Affidavit. A notice of appeal and the acknowledgment of service indorsed thereon may not be varied by a conclusion affidavit relative to the *intent* of the parties.

APPEAL AND ERROR: Notice—Disclaimer and Assignment of Interest. No notice of appeal need be served on one who has disclaimed all interest in the subject-matter of an action, and, in addition, has assigned all possible interest to appellant.

APPEAL AND ERROR: Notice—"Adverse" Party Defined. An appeal by plaintiff from a judgment in its entirety demands, as a matter of jurisdiction, service of notice on "the" adverse party, to wit: on *all* the defendants. It follows, in such case, that the statute relative to appeals by coparties has no application.

APPEAL AND ERROR: Notice—Definite Interest of Nonserved Party. Failure to serve notice of appeal on a necessary party is in no wise excused because the interest of such party is definite and certain on the record.

APPEAL AND ERROR: Object of Notice of Appeal. The object of the requirement that adverse parties be served with notice of appeal is not to protect the *interest* of such party, but to invest the appellate court with *jurisdiction* to determine questions which may not be determined in the absence of such party.

*Appeal from Delaware District Court.*—H. B. BOIES, Judge.

SEPTEMBER 29, 1920.

No statement is required at this point, beyond saying that the jurisdiction of this court is challenged because of a failure to serve some of the parties defendant with notice of appeal.—*Dismissed.*

*Thompson, Hine & Flory, Arnold & Arnold, Yoran & Yoran,* and *Edwards, Longley, Ransier & Smith,* for appellant.

*J. H. Trewin, Fred B. Blair, Henry Bronson,* and *E. B. Stiles,* for appellees.

SALINGER, J.—I. We have to determine whether it is proved that one of the defendants, John Robertson, was, in law, served with notice of appeal, and what effect upon our jurisdiction it has, if we find he was not so served. The inquiry into whether he was lawfully served, involves whether the notice was in the form demanded by law. In stating the title, the notice of appeal names John Robertson as a defendant, and addresses

1. APPEAL AND ERROR: effect of naming clients in acknowledgment of service.

itself to "the above-named defendants." Had it been served on John Robertson in person, there would have been effective service. But there was no attempt so to serve him. If he had notice, it was through service upon persons asserted to be his attorneys. The notice was in the alternative, addressed to Trewin, Blair, and Bronson, attorneys for named parties defendant. But the name of defendant John Robertson was not included in this enumeration of defendants. It follows that, on its face, the notice does not purport to be addressed to anyone as attorney for John Robertson. Failure of the notice to address the "party" works that we acquire no jurisdiction. *Pilkington v. Potwin*, 163 Iowa 86, at 93. And under the reasoning of that case, it might well be argued that notice served on the attorney of a party is no notice, unless addressed to the one served, as attorney for such party. But, as this question is not very fully presented, while others equally decisive are, we have concluded to rest our decision on something other than the failure to address Trewin et al., as attorneys for Robertson.

II. Waiving the form of the notice, we reach whether there is any proof that Robertson was served by means of service upon attorney. Aside from one item, to be discussed later, the only evidence of service is found in an admission written upon the notice.

The alternative address of the notice is directed to J. H. Trewin, Fred B. Blair, and Henry Bronson. Immediately following the names of these three are the words, "Attorneys for Mary Plank, W. D. Robertson, Belle M. Work, Bell Paul, Harry Robertson, Eugene Robertson, Bessie Robertson, Hulda Robertson, Frank Robertson." Following this, is this statement:

"Due legal service of the above notice of appeal is hereby acknowledged, and a copy of the same received this 28th day of June, 1917."

To this admission of service, Mr. Blair appends the following signature and the other words, to wit:

"J. H. Trewin, Fred B. Blair, Henry Bronson, attorneys for Mary Plank, W. D. Robertson, Belle M. Work, Bell Paul,

Harry Robertson, Helen Robertson, Bessie Robertson, Hulda Robertson and Frank Robertson."

The evidence shows that Blair, who signed these names to this admission, was the attorney of John Robertson, and that Trewin was; and it may be assumed, for the purpose of present statement, that Bronson was. If the signatures to the admission of service had been nakedly the name of Trewin, Blair, and Bronson, and it appeared that the signers were, in truth, the attorneys of John Robertson, such admission would have bound Robertson, even though the signers did not designate themselves as attorneys for Robertson. *Clinton Bridge Works v. Kingsley,* 188 Iowa 218. And see *Horst v. Wagner,* 43 Iowa 373; *First Nat. Bank v. Eichmeier,* 153 Iowa 154; *Mathews & Co. v. Dubuque Mattress Co.,* 87 Iowa 246; and *Farmers' Nat. Bank v. Hatcher,* 176 Iowa 259, 265. So to hold is merely to declare that, where an agent makes an admission which is within the scope of his authority, the principal is bound, though the acknowledgment made does not declare what is the fact, to wit: that the signer is agent. But is this doctrine applicable where, as here, the question is not whether an agency can be defeated by mere failure to say that the agent is agent? The question here is not what Trewin, Blair, and Bronson had authority to do, but whether they exercised the authority they possessed. If they had merely signed their names to admitting service of a notice directed to John Robertson, this would neither have affirmed nor negatived that they were the attorneys of Robertson. It would have been open to proof that they were his attorneys, and the net result of such proof would have been a showing that the attorneys of John Robertson admitted service of notice upon John Robertson; and, as said, that would have bound Robertson. But the notice was not directed to them as attorneys for John Robertson, and, in admitting service, they did not confine themselves to the mere, naked signing of their names. And we are bound to give consideration to the manner in which the notice was addressed to attorneys, and also to the words additional to a naked signature, which those attorneys saw

fit to append to their signature. As said before, the question
is not what these attorneys had power to do, but what they
did do. They could not resist service. Had an officer served
them, a showing that they were the attorneys of John Rob-
ertson would make the service binding on Robertson. But
no service upon them was attempted. They were asked to
waive such service by stipulating that due service had been
made. It is manifest that they could limit their agreement
or stipulation as they pleased; and, if the appellant was not
satisfied, she had the recourse of having service made in the
ordinary manner, either upon client or attorney. Whatever
these attorneys had power to do, nothing can be gained from
their stipulation beyond what they chose to stipulate. The
vital question is, not what they might have agreed to in the
way of admitting service, but what they did, in fact, agree
to. They were presented with a notice, addressed to them
as attorneys of specified parties defendants. The enumer-
ation did not include the name of John Robertson. Follow-
ing the signature on the admission of service, the signers
style themselves attorneys for named parties defendant, and
they, too, omit John Robertson from the specification.
Theirs was not a naked signature, leaving it an open ques-
tion whom the signers were acting for. The part of the
notice addressing the attorneys asserts who is their client.
The words following the signature declare what clients the
signers are acting for. To say the least, the signers failed
to stipulate concerning service upon John Robertson. And
it may reasonably be said that there was more than a fail-
ure to act for John Robertson; reasonably be said that no
action as to him was demanded, and that the signers fairly
stated that they declined to act for Robertson. The reason-
able construction of the face of the notice is that the at-
torneys were requested to admit service upon others than
John Robertson; that they admitted service upon certain
named defendants, and, in effect, said that service was ad-
mitted as to those named parties only. So far, then, whether
we treat the case as one in which an agent declined to stipu-
late service upon John Robertson, or expressly stipulated

that he would admit service upon certain of his clients, excluding John Robertson, there is no evidence that Robertson was ever served with notice.

In a sense, *Pilkington v. Potwin*, 163 Iowa 86, at 93, forecloses the question. In that case, the name of the appellee was I. A. Potwin, notice of appeal was directed to I. N. Potwin, and service was accepted by counsel as attorneys for I. N. Potwin. We held that we acquired no jurisdiction. True, we put this on the ground that a notice of appeal directed to I. N. Potwin was not a notice at all as to I. A. Potwin. But we put some stress on the fact that "the service was accepted by counsel as attorneys for I. N. Potwin." If admitting service for I. N. Potwin does not bind I. A. Potwin, then surely he would not be bound by an admission which did not mention Potwin at all, or which named Jones as the client. If accepting service as attorneys for I. N. Potwin is not service upon I. A. Potwin, then surely admission of service upon Mary Plank is not an admission of service upon John Robertson.

III. The appellant makes the avoidance that the names of the clients, following the names of the attorneys at the point where notice is directed to them, and the enumeration of the same parties, following the signature of the attorneys, is merely descriptive of who the persons addressed and signing are. It is a strain on reason to hold that these enumerations were mere description or identification. All parties knew perfectly well who Trewin, Blair, and Bronson were, and there was no need to identify them. But if identification was intended, surely the appellant had sufficiently identified Blair, Trewin, and Bronson by describing them as persons who were attorneys for Mary Plank. Why identify further by reciting a number of defendants additional to Plank? It seems clear no mere description or identification was intended, and that the only reasonable conclusion is that the enumeration in the directing part of the notice and the one following the signature were intended to specify and limit for whom the signers were to·ad-

2. Appeal and Error: construction of notice of appeal.

mit service and for whom they had admitted service. As said, there was right to decline stipulating that Robertson had been served, and the exercise of such right was not necessarily captious. The record in this court shows that Henry Bronson is attorney for no one but appellee W. D. Robertson; at any rate, admits of doubt whether it affirmatively appears that he was also attorney for John Robertson. Mr. Blair may well have declined to attach a joint signature, including Bronson, to an admission that John Robertson had been served. Then, too, it is matter of common knowledge in the profession that some clients are prone to be over suspicious and sensitive to any attempts by their counsel to bind them on anything which the client may do in person. It is common experience that counsel constantly decline to make stipulations which they have power to make, say for a continuance, and insist that consent must be had from the client himself. But, of course, if it is not admitted that Robertson was served, it is quite immaterial whether his exclusion from the admission of service was on or without good reason.

IV. We have reserved for discussion one other item of proof of service. The person who secured the admission makes affidavit wherein he recites, by way of conclusion, that the admission of service was intended to cover all the defendants represented by the attorneys whose signature is appended to the admission. This conclusion seems to rest on the claim that, where the typist wrote the names of the parties below the blank left for the signature of the attorneys, the name of John Robertson was omitted by mistake, and that affiant himself mistakenly believed that the name of John Robertson had not been omitted. Further, affiant says that Mr. Blair understood that the name of Robertson was written in the enumeration of the parties, and intended to acknowledge service as attorney for said Robertson. It is hardly to be expected that we can permit this affidavit, and its conclusions, to vary the admission as writ-

3  APPEAL AND
ERROR: varying appeal notice by affidavit.

ten. We are not trying an issue of reforming the written acknowledgment.

V. Having found that John Robertson was not served, it becomes unnecessary, in view of the final decision of this appeal, to give any extended consideration to the claim of appellee that still other defendants were not served. It may be added that, as to the defendants Nichols, all inquiry is immaterial. The record exhibits a disclaimer on their part, and an assignment to the plaintiff, appellant. Their one-time interest in the outcome of this appeal is in the keeping of appellant, and she needs no notice of her own appeal; and it is, therefore, immaterial whether the Nichols were served with notice or not.

4. APPEAL AND ERROR: notice: disclaimer and assignment of interest.

As to Eugene Robertson, appellees seem to misapprehend the record. He was named as a defendant in the alternate direction, addressed to the attorneys and naming their clients. And in the signature of the attorneys with the names following the same, he is once more named.

VI. Appellant urges that, even if John Robertson was not served, we have jurisdiction to determine this appeal. She relies upon some of our decisions wherein we proceeded to decision, though some parties to the litigation had not been served. These decisions were under that statute provision which requires notice of appeal to be served on coparties. We hold that said statute does not rule the case, and that this appeal is governed by the statute which demands service of notice upon the *adverse party*, rather than the one which deals with service upon *coparties*. The governing statute, Section 4114, Code, 1897, declares that an appeal is perfected by serving notice on the clerk of court appealed from, and "on the adverse party, his agent, or any attorney who appeared for him in the case in the court below." Who is the "adverse party?" It seems to us it is all of the plaintiffs, if the defendants appeal, or all of the defendants, if the plaintiff appeals. This is emphasized by the fact that the same statute makes provision allowing appeal

5. APPEAL AND ERROR: notice: "adverse" party defined.

either from all of the judgment "or from some specified part thereof, defining such part." There is provision to bring up part of a judgment for review, but none for perfecting an appeal from all of the judgment, and not bringing some of the opposing parties to the record into the Supreme Court. And there is this other clear distinction between the statute we have just spoken to and Code Section 4111; which regulates appeal by coparties, to wit: that, in the latter, no notice need be served on any coparty, if he joins in the appeal. On the other hand, we have held, time and again, that, as to an adverse party, notice of appeal is absolutely essential to jurisdiction, and nothing else can confer jurisdiction, and that, in the absence of such notice, we can obtain no jurisdiction, even though the party not served appears in this court and files argument. We are constrained, therefore, to hold that this court acquires no jurisdiction, where all of a judgment is brought here for review, and the party appealing fails to serve notice of appeal upon all and each of the adverse parties.

VII. But if we assume, for the sake of argument, that the rules laid down in certain decisions under the coparty statute should govern here, we are still of opinion that we have acquired no jurisdiction of this appeal. The position of the appellant is that failure to serve John Robertson is immaterial, because he comes under the rule of the cases decided on the coparty statute wherein we proceed to decision because we find that the party not served cannot be affected by a reversal. The argument is that Robertson will get one seventh, if there be an affirmance, "and if it is reversed, and the notice of appeal was defective as to him, he would still get exactly one seventh." If the naked fact that it can be definitely ascertained how much of a stake a party not served had in the judgment appealed from, saves the jurisdiction, it cannot be explained why there had been dismissals in causes wherein the interest of one not served in the judgment appealed from was definite and known. There was a dismissal for want of

6. APPEAL AND ERROR: notice: definite interest of nonserved party.

jurisdiction in *McCarty v. Campbell,* 166 Iowa 129, 135. There it was known, and the opinion states, that a reversal would give him an undivided one-third interest in land, and it is said that, therefore, the proportionate amount of the one-third interest would be taken away from the appellees who were not served. It is further pointed out that these persons not brought into the Supreme Court were proper parties to the original case, were served with notice, and that "their interests were fixed and determined by the decree." There have been other dismissals for want of jurisdiction where the share of the party not served was absolutely definite. That was true in the partition suit of *Laprell v. Jarosh,* 83 Iowa 753. It was done in *Dillavou v. Dillavou,* 130 Iowa 405. It was done in the case of *In re Will of Downs,* 141 Iowa 268, where the appeal was from a judgment setting aside a will. In *Ash v. Ash,* 90 Iowa 229, a partition suit, there was dismissal because certain mortgagees on undivided interests of some of the heirs had not been served with notice of appeal. Of course, since there had been a foreclosure of these mortgages below, their amount was definitely fixed. On the argument of appellant, the court should, in all these cases, have proceeded to decision, have refused to dismiss, and, on final decision, have provided that the interests in the judgment appealed from, so far as they were interests of parties not served with notice of appeal, should not be affected by the decree in this court. Why was it not done? Why were there these dismissals? The answer is simple. There was a fatal defect of parties. Before proceeding to decision, the court found itself confronted with a challenge of its jurisdiction because of that defect. It was a jurisdictional challenge. See *Clayton v. Sievertsen,* 115 Iowa 687, 688, approving Elliott on Appellate Procedure, Section 144; *Hanley v. Elm Grove Mut. Tel. Co.,* 150 Iowa 198. In *Dillavou v. Dillavou,* 130 Iowa 405, at 406, the challenge is said to be one "to the jurisdiction of this court to entertain the appeal," and that the service of notice "is essential to our jurisdiction; wherefore, the appeal must be dismissed." In *Laprell v. Jarosh,* 83 Iowa 753,

the failure to serve is held to work that the appeal is "not valid." The argument for appellant gives no consideration to the effect of all these holdings.

The question is not.what this court may do about molding a decree where it has jurisdiction to decide at all. The question is whether a court that has no right to determine anything can give itself that right by saving

7. APPEAL AND ERROR: object of notice of appeal.

rights of parties not before it at the time when it reaches the making up of its decision. If saving the definite interest of one not before the court might save the appeal, the trouble is that a court without jurisdiction may not even go so far as to ascertain what that interest is, and to consider how to protect it. If it cannot decide, it cannot protect by decision. And surely, the requirement that notice be given cannot be intended for the protection of one who has an interest in a judgment which is appealed from. If he be not served with notice, and therefore not brought into the Supreme Court, all argument based upon the ability of that court to save his rights is irrelevant, because he needs no protection. The Supreme Court is not called upon to give him protection, because, without the service of notice on him, it has no power to deprive him of anything that the judgment below gave him. To carry the argument to its logical end, no coparty need ever be served with notice; for, if not served, he cannot be prejudiced by the appellate decision. No notice would ever be required, because the very failure to give it would base the argument that failure to serve was immaterial, because it could not be prejudicial. This would seem to make it plain that the requirement to serve a coparty is not for the protection of that coparty, at least not for that alone, but to bring him into court, so that those who have served him may have questions determined which could not be determined in his absence.

Another way of stating the proposition is that the requirement to serve notice is not for the protection of the party, because, as said before, he needs no protection against the action of a court that has no jurisdiction over him. The

underlying reason is that failure to serve him creates a fatal defect of parties, and that others than he can raise this jurisdictional defect; that, aside from the abstract right to protest against the action of a court having no lawful power to act, the right to a dismissal is rather for the benefit of those that have been served than those that have not been. Cases can well be conceived wherein the claimant of an estate makes 20 of the heirs defendants. Being defeated, he appeals. One alone out of the 20 is utterly without means. It so happens that, under the will, that one is given as much as the other 19 together. The appellant singles out the pauper. Failing to serve the others, their rights under the judgment appealed from cannot be affected; they have no inducement to resist the appeal; the burden of defending the substance of the judgment is thus thrust upon one who cannot discharge it. He may be too poor to serve an additional and amending abstract, or to employ counsel. But this court may reverse as to the nineteen twentieths of the judgment belonging to this poor person, because, forsooth, it declares that the 19 not brought into court shall not be disturbed in the one twentieth which the judgment below gives them. This cannot be the law.

If there be no notice, say, because only a part of the judgment is appealed from, such appeal cannot affect any rights in the part of the judgment not appealed from. Section 4113, Code, 1897. Where a party to the record is not served, the appeal cannot be prosecuted as to him, and no relief against him can be granted in the appellate court. *Baxter, Reed & Co. v. Rollins & Co.*, 110 Iowa 310. Specific provision that one not before the court shall not be affected by its judgment puts the case only where it would be if no appeal had ever been attempted. It follows jurisdiction cannot be created by the fact that the appellate court may protect something which needs no protection. Therefore, the giving of such needless protection has no bearing on whether there be power to go to the point where the decree may be molded to yield the needless protection.

Even as the right to appeal cannot be affected by a remit-

titur (Code Section 4110), the right to have an appeal can-
not be created merely by remitting from the effect of the
benefit given by the appealed-from judgment to one who
was not served with notice of appeal—a benefit the reversal
could not deprive him of, in any event.

The failure to serve one who takes something under the
judgment appealed from, stops the court at the threshold.
Nothing else can explain the cases to which we have ad-
verted.

None of our decisions are to the contrary. In *In re Estate
of Sawyer,* 124 Iowa 485, it is very doubtful, to say the least,
whether the person not served *is* a party. On that, nothing
appears except that he is a witness, and there was no aver-
ment against him in the petition, and it is doubtful whether
he was ever served with notice of the suit. In *Capital Food
Co. v. Globe Coal Co.,* 142 Iowa 134, at 136, the party not
served was merely the next friend of a minor plaintiff, and
"not an independent party to the action." In *Douglass v.
Agne,* 125 Iowa 67, at 69, action had been brought against a
partnership, but, on coming in of the evidence, the petition
was amended to charge but one member thereof, and it was
held that failure to serve the other partners was immaterial.

The appeal must be and is—*Dismissed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.