O. C. BREWER, Appellee, v. ALLIE STARK et al., Appellees; GOLDIE PRIOR et al., Appellants.

**APPEAL AND ERROR:** Notice—Adverse Coparties. An appealing coparty *must* serve notice of the appeal on all other coparties *adversely* interested.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

DECEMBER 11, 1924.

ACTION in partition.—*Appeal dismissed.*

*Crissman & Linville,* for appellants.

*Charles J. Haas,* for appellee.

PER CURIAM.—This is an action for the partition of an 80-acre tract of land in Linn County, and involves the construction of certain paragraphs of the last will and testament of Charles T. Nightingale, who died testate, July 31, 1902. The specific question presented by the appeal is whether the children of a deceased brother shall each share equally with the brothers and sisters of the testator, or whether they shall together take an equal share of the property involved. The appellants are the children of the deceased brother, and appeal from a finding of the court that they should take *per stirpes,* and not *per capita.*

Notice of appeal was served upon the plaintiff, but not upon twenty-three codefendants of appellants'. Appellee, who was the plaintiff below, has filed a motion to dismiss the appeal upon the ground of appellants' failure to serve notice thereof upon their codefendants. Section 4111, Code of 1897, provides that:

"A part of several coparties may appeal; but in such case they must serve notice of the appeal upon those not joining therein, and file proof thereof with the clerk of the Supreme Court."

This statute has been construed in partition and other cases, and it has always been held that service of the notice of appeal must be made upon all codefendants who may be prejudicially affected by an adverse decision of the appellate court. In such case, the notice is jurisdictional. *Hunt v. Hawley,* 70 Iowa 183; *Ash v. Ash,* 90 Iowa 229; *State Sav. Bank v. Guaranty Abst. Co.,* 181 Iowa 1378; *Oskaloosa Sav. Bank v. Miller,* 189 Iowa 393; *Taylor v. Woodburn Bank,* 198 Iowa 772.

The action being in partition, and triable *de novo* in this court, a decision favorable to appellants would necessarily affect the interests of, and be prejudicial to, all codefendants entitled to share in the division of the land or the distribution of the proceeds thereof. The point made by appellants in resistance to the motion is that, as appellee was served with notice, he cannot raise the question for those who were not served. This

position is manifestly untenable, as a reading of the cited cases will disclose.

The motion to dismiss must be sustained.—*Appeal dismissed.*