MINNIE A. BARKLEY et al., Appellees, v. WILLIAM HENKE, Defendant; APPANOOSE COUNTY, Appellant.

No. 40115.

FEBRUARY 11, 1930.

*Purley Rinker*, for appellant.

*H. E. Valentine*, for appellees.

KINDIG, J.—The plaintiffs-appellees, Minnie A. Barkley, Julia Wilson, and Rose Henke, by motion asked that the appeal of the appellant, Appanoose County, be dismissed, because notice thereof was not served upon the defendant William Henke. Notice of appeal not having been served upon William Henke, we, for the sake of convenience, refer to him herein as defendant, rather than appellee. Section 12837 of the 1927 Code provides:

"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and also upon the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

Additional thereto is Section 12834 of the same Code, which reads:

"A part of several coparties may appeal, but in such case they must serve notice of such appeal upon those not joining therein, and file proof thereof with the clerk of the court from which the appeal is taken."

Acceptance of service on the notice of appeal was made by H. E. Valentine, attorney for the appellees. He purported

to accept for them alone. This attorney, according to the record, represented the appellees only. He did not pretend in any way to appear for the defendant William Henke. No other notice of appeal was served. Hence, the question is presented whether, under the circumstances, the appeal must be dismissed.

I. Not every codefendant need be served with notice of appeal. It is required only that those shall thus be served who "may be prejudicially affected by an adverse decision of the appellate court." *In re Will of Downs,* 141 Iowa 268; *Brewer v. Stark,* 198 Iowa 1238.

II. If, on the other hand, the co-party not served with the notice of appeal will be prejudicially affected by a reversal or modification, then a dismissal is necessary; for, under such circumstances, service of the notice is jurisdictional. Consistent with this discussion, we said in *Brewer v. Stark,* supra, reading on page 1239:

"This statute [Section 12834] has been construed in partition and other cases, and it has always been held that service of the notice of appeal must be made upon all co-defendants who may be prejudicially affected by an adverse decision of the appellate court."

Consequently, for a decision in the case at bar, it is necessary to determine whether the defendant William Henke will be prejudicially affected by a reversal. To meet this requirement, a brief review of the facts is imperative.

Robert Henke was the husband of Alice Henke. They were the parents of Minnie A. Barkley, Julia Wilson, and Rose Henke, the appellees, and the defendant William Henke. Both parents are now dead. The father died intestate on the 25th day of December, 1895. At the time of his death, he owned the property for which the partition is here sought. Long before the father's death, however, the mother was confined in the insane asylum at Mt. Pleasant. She remained in that institution until she died, intestate, on July 10, 1928. During her lifetime, the appellant obtained judgment against her in the sum of $6,801.54. In due time, the present partition suit was brought by the appellees against the defendant William Henke and Appanoose County. Basis for relief stated in the

petition is predicated upon the alleged fact that each of said four children is the owner of an undivided one-fourth interest in the property formerly held by the parents.

Through its answer, the appellant sought to establish the lien of its judgment upon the real estate because Alice Henke, the insane mother, received from her husband, at his death, a one-third interest in such property. By way of reply, the appellees attempted to avoid the judgment on the theory that the realty retained its homestead character throughout the lifetime of Alice Henke, and therefore, at her death, passed to her children free from the judgment lien. That view was taken by the district court, and, under the decree, each of the four children was declared to own and possess an undivided one-fourth interest in the premises. Because of such holding, the appeal was taken. Manifestly, if, upon this appeal, the judgment and decree of the district court is reversed, and appellant's judgment lien is established, the defendant William Henke thereby will be prejudicially affected; for, through the execution growing out of appellant's judgment, his undivided interest in the former homestead will be sold. As necessity requires, all or part of the proceeds received from such sale will be applied on the judgment debt.

So, to the extent thus indicated, William Henke's interests will be adversely affected by a reversal. Notice of the appeal, therefore, should have been served upon him.

III. Claim is made by the appellant, however, that the whereabouts of William Henke is unknown, and therefore, under Section 11901 of the 1927 Code, his estate may be administered, because he is an absentee. Appellees, who are the surviving sisters, in such event, appellant maintains, would inherit William's share of the property. From this the conclusion is drawn that notice was served on all parties in interest. Parenthetically it is recalled that appellees, through their attorney, accepted service of the notice.

Under the record, in the first place, there is not sufficient evidence that William is dead. There is nothing, in the second place, to show that William Henke's estate is one that comes within Section 11901, supra, permitting administration on the estates of absentees. Suggestion of nonresidence is made in the record, but absence, as contemplated, does not appear. Mere

absence or nonresidence alone is not enough. It is required by this statute that the party absenting himself be a resident of the state, and that his "absence" be "without known cause." Proof of these elements is lacking.

Reliance at this juncture is made by appellant upon the probate report and inventory filed with the papers of the Alice Henke estate. Contained therein is the following, among other subject-matters:

"Heirs at Law: Minnie A. Barkley, Adult Daughter, Storm Lake, Iowa; Julia Wilson, Adult Daughter, Hedrick, Iowa; Rose Henke, Adult Daughter, Keswick, Iowa; William Henke, Adult Son, Residence unknown for 40 years."

This report was prepared by the administrator. Upon what information he based his conclusion is not revealed, nor is it disclosed what, if any, attempt was made to locate the absent one. Such inventory, however, was not admitted in evidence in the case at bar, and hence cannot be considered.

Assuming, for argument purposes, that it were properly before us, and that we could conclude therefrom that William Henke is dead, yet there is nothing to show that appellees are his only heirs at law. He may have been married when he absented himself, and there may have been children at that time. There is silence in the record upon this subject. Likewise, no suggestion is made concerning the present whereabouts of such wife or children, if any there were. On the contrary, appellees appear not to be entitled to William Henke's share; for in the petition and prayer they claim only three fourths of the parents' property. According to appellees' contention, William is entitled to the remaining one fourth. Thus it was decreed.

While, in a partition suit, under the circumstances presented in *McCoid v. Norton*, 207 Iowa 1145, the property of a father may be set off to the son because the former was absent and not heard from for more than seven years, nevertheless the necessary prerequisites essential to such a determination must exist. Not only do the allegations contained in appellees' petition, as well as the prayer thereof, indicate that William Henke is alive, and entitled to his interest in the parents' estate, but also there is entire absence in the record of any competent proof

to suggest that his sisters are his sole heirs if he were dead. Whether considered, then, in connection with the statute (Section 11901, supra), or independently thereof, the proof did not meet the test.

IV. Nonresidence or absence, in and of itself, does not dispense with the required notice, for Section 12838 of the 1927 Code declares:

"When such service [of notice of appeal] cannot be made the trial court or judge on application shall direct what notice shall be sufficient."

A way, therefore, was provided by which appellant could have obtained service on William Henke.

Wherefore, because notice was not served upon said defendant, the appeal must be, and hereby is, dismissed.—*Appeal dismissed.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.