IN RE ESTATE OF ANNA WRIGHT SHUMAKER.

LAURA FRANCES SHAFER, Executrix, Appellee, v. HENRY COUNTY SOLDIERS AND SAILORS MEMORIAL HOSPITAL et al., Appellants.

No. 46401.

DECEMBER 14, 1943.

Ben A. Galer, of Mt. Pleasant, for Henry County Soldiers and Sailors Memorial Hospital, appellant.

McCoid & McCoid, of Mt. Pleasant, for appellee.

GARFIELD, J.—Anna Wright Shumaker died July 24, 1941. Her will, duly probated, devised a life estate in a certain residence property in Mt. Pleasant to a brother and sister who occupied the property with her, with remainder over in four

undivided parts to another sister, a nephew, and two nieces. One of the nieces, Laura Shafer, was executrix of the will. On April 29, 1943, the executrix filed an application in probate asking the court for an order finding that said property is exempt from claims of creditors because it was the homestead of testatrix, also asking that the claims be classified as to priority of payment, and for such other order as might be just.

The court fixed the time of hearing on the application and ordered that at least ten days' notice thereof be given to six claimants against the estate and the devisees by one publication in the Mt. Pleasant News. Henry County Soldiers and Sailors Memorial Hospital, holding a claim against the estate for about $400, appeared and filed answer. The clerk of the district court, one of those to whom the notice had been addressed (apparently because costs would be due his office), also appeared and filed answer. One of the four remaindermen, the nephew, was in the military service. An attorney was appointed to represent him and he filed answer. All other parties to whom the notice had been addressed made no appearance and filed no pleading.

Hearing was had in which attorneys for the executrix and the claimant hospital participated. It was conceded that due and timely notice of the hearing was served upon all the necessary parties, in accordance with the court's order. The court made an order providing that the property in question was the homestead of testatrix, exempt from the claims of creditors, and passed to the life tenants and remaindermen, naming them, free from any claims against the estate, except certain taxes. The order also contained several other provisions regarding a mortgage against another parcel of real estate, payment of expenses of administration, and the prorating of claims.

In June 1943, the claimant hospital undertook to appeal to this court from so much of this order as decreed that the above residence property was exempt and passed to the devisees free from claims against the estate. Notice of appeal was served only upon the executrix, who has filed a motion to dismiss the appeal because of failure to serve notice upon the other claimants and the devisees, who are said to be necessary parties.

This appeal was taken before July 4, 1943, when the pres-

ent Rules of Civil Procedure took effect, and is therefore governed by the provisions of the Code of 1939. Section 12837 provides that an appeal to this court is taken by the service of written notice on the adverse party, his agent or attorney, and by filing the notice with return of service with the clerk of the lower court. Section 12834 provides:

"A part of several coparties may appeal, but in such case they must serve notice of such appeal upon those not joining therein * * *."

■ We have held time and again that a party who would be adversely affected by a reversal or modification of the judgment is an adverse party, upon whom section 12837 requires the service of notice of appeal in order to confer jurisdiction upon this court. Luce v. Service Life Ins.. Co., 227 Iowa 532, 543, 288 N. W. 681; Shea v. Shea, 220 Iowa 1347, 264 N. W. 590; Read v. Gregg, 215 Iowa 792, 798, 247 N. W. 199; In re Assignment of Lounsberry, 208 Iowa 596, 603, 226 N. W. 140. This is also the requirement in other jurisdictions. 4 C. J. S. 1055, section 592b; 3 Am. Jur. 164, section 466; annotation 88 A. L. R. 419, 420. An appellate court may not take anything from one over whom it has not acquired jurisdiction. Oskaloosa Sav. Bk. v. Miller, 189 Iowa 393, 394, 176 N. W. 629.

We have also frequently held, under section 12834, that coparties must be served with notice of appeal if they would be prejudiced by a change in the judgment below. Herrold v. Herrold, 226 Iowa 805, 807, 285 N. W. 274; Hoffman v. Bauhard, 226 Iowa 133, 136, 137, 284 N. W. 131; Coggon State Bk. v. Woods, 212 Iowa 1388, 1395, 238 N. W. 448.

Failure to serve notice of appeal upon parties who would not be adversely affected by a change in the decision below does not deprive this court of jurisdiction. Clark v. Robinson, 206 Iowa 712, 716, 221 N. W. 217; Piercy v. Bronson, 206 Iowa 589, 591, 221 N. W. 193; First Nat. Bk. v. Casey, 158 Iowa 349, 352, 138 N. W. 897.

■ We have held, however, that the burden rests upon an appellant to show that parties not served with notice of appeal would not be adversely affected by a reversal or modification of the judgment. State ex rel. Fletcher v. Southern Sur. Co.,

223 Iowa 558, 565, 273 N. W. 129; First Tr. JSL Bk. v. Yarcho, 217 Iowa 95, 96, 250 N. W. 903; Jenkins v. Beeler, 213 Iowa 501, 239 N. W. 474.

We are unable to agree that any other claimant against this estate would be prejudiced if we were to change the decision below. That decision is as unfavorable to all the claimants as any we could render. It is unnecessary to determine whether the other claimants would receive the benefit of a reversal or would be bound by the decision below from which they did not appeal. Certainly they could not be adversely affected here. We hold, therefore, that failure to serve notice of appeal upon the other claimants is not fatal to our jurisdiction. See annotation 88 A. L. R. 419, 426.

However, we see no escape from the conclusion that the devisees would be adversely affected by a reversal or modification of the decision below. The court awarded them the property in question free from the claims of appellant and other creditors. A reversal would subject their property at least to appellant's claim, with the obvious result that they would be prejudiced thereby. Barkley v. Henke, 209 Iowa 731, 734, 229 N. W. 156; McCarty v. Campbell, 166 Iowa 129, 135, 147 N. W. 131; Dillavou v. Dillavou, 130 Iowa 405, 106 N. W. 949. The personalty and other realty are insufficient to satisfy the claims.

■ Appellant does not contend that the devisees would not be adversely affected by a reversal, but urges in resistance to the motion to dismiss that notice of appeal need not be served upon parties who did not appear but were in default in the court below. Upon the proposition thus urged the various courts do not agree. 4 C. J. S. 1055, 1057, section 592b; annotation 88 A. L. R. 419, 428, 429. Some statutes do not require notice of appeal to be served upon parties who have not appeared. However, we have held several times that failure to serve notice of appeal upon a party adversely interested, who did not appear but was in default in the court below, is fatal to the jurisdiction of this court. Paulson v. Paulson, 226 Iowa 1290, 1292, 1293, 286 N. W. 431; State ex rel. Fletcher v. Southern Sur. Co., 223 Iowa 558, 562, 567, 273 N. W. 129; Barkley v. Henke, 209 Iowa 731, 229 N. W. 156; Dillavou v. Dillavou, 142 Iowa 291, 120

N. W. 628; Dillavou v. Dillavou, 130 Iowa 405, 106 N. W. 949; In re Will of Downs, 141 Iowa 268, 119 N. W. 703. See, also, First Nat. Bk. v. Casey, 158 Iowa 349, 138 N. W. 897; Tukey v. Foster, 158 Iowa 311, 313, 138 N. W. 862. In some of these cases the necessary party not served with notice of appeal was a nonresident of the state, who was served with original notice by publication. Nonresidence or absence of a party does not dispense with the necessity of serving him with notice of appeal. Code section 12838; Barkley v. Henke, 209 Iowa 731, 736, 229 N. W. 156.

Appellant also argues that service of notice of appeal upon the executrix alone was sufficient because she has represented the devisees throughout. The contention cannot be sustained. So far as the record shows, the executrix represented none of the devisees, except perhaps herself individually, and was merely seeking an adjudication as to the exempt or nonexempt status of the property in question, the other assets being insufficient for the satisfaction of claims. The procedure followed was similar to that in In re Estate of Guthrie, 183 Iowa 851, 852, 167 N. W. 604. The property involved is real estate which passed immediately to the devisees under the will of testatrix. If the property was exempt, as the trial court held, the executrix could not resort to it for the payment of debts and had nothing to do with it. In re Estate of Schwertley, 228 Iowa 1209, 1215, 293 N. W. 445; Cohen v. Hayden, 180 Iowa 232, 242, 157 N. W. 217; In re Estate of Acken, 144 Iowa 519, 528, 123 N. W. 187, Ann. Cas. 1912A, 1166; 33 C. J. S. 1262, section 252.

We conclude that appellee's motion to dismiss the appeal must be sustained.

Notwithstanding the dismissal of the appeal, we have carefully considered the merits of the appeal. The decision below appears to be right. Section 10150, Code, 1939; Long v. Northup, 225 Iowa 132, 138, 139, 279 N. W. 104, 116 A. L. R. 1475 (holding a devise of a homestead to a mother-in-law exempt from claims of the testator's creditors); In re Estate of Guthrie, 183 Iowa 851, 167 N. W. 604.

The appeal is dismissed.—Appeal dismissed.

BLISS, OLIVER, HALE, WENNERSTRUM, SMITH, and MANTZ, JJ., concur.

MULRONEY, C. J., and MILLER, J., dissent.

MULRONEY, C. J. (dissenting)—Because I do not agree with the majority opinion that the appeal should be dismissed or that the trial court was necessarily right, I dissent.

I am unwilling to believe that the devisees were "parties" to the proceeding below within the meaning of section 12837, Code of 1939. They were not named as such and I do not feel that the single publication notice made them parties. The proceedings are quite out of the ordinary. The situation seems to me to be strikingly analogous to the hearing on a final report of an executor. If the executrix had, in her final report, stated that she was of the opinion the real estate was exempt and prayed for an order so holding and her discharge, surely a claimant objector could have appealed to this court by merely serving the executrix.

Upon the question of the merits of the case the majority feel the trial court was right. Section 10155, Code of 1939, provides:

"The homestead may be sold to satisfy debts of each of the following classes: * * * 4. If there is no survivor or issue, for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead."

There was no survivor or issue in this case. True, we have in previous cases intimated that this statute only applied in case the owner of the homestead died intestate. In re Estate of Guthrie, 183 Iowa 851, 167 N. W. 604; Long v. Northup, 225 Iowa 132, 279 N. W. 104, 116 A. L. R. 1475. But in both cases the decedent left issue, although in the Long case the devise was not to the issue. I see no warrant for holding the above statute applies only to the case of intestacy. I would overrule the motion to dismiss.

I am authorized to state that Justice MILLER joins in this dissent.