BERRYHILL v. KEILMEYER *et al.*

Supreme court: JUDGMENT ON APPEAL. The supreme court is authorized, under sections 3537, 3538 of the Revision, to render judgment against the appellant and his sureties in the appeal bond, and to award damages to the appellee, where it appears that the appeal was taken for delay, in those cases only where the judgment or order appealed from was for the payment of money, the *collection of which, in whole or in part, has ·been superseded by the bond.*

*Appeal from Johnson District Court.*

MONDAY, DECEMBER 11.

ACTION to foreclose a title bond against F. Keilmeyer and wife, in default of payment by them to plaintiff. John Weiber, Williams & White, Jacob Beard, James Melleker, George Ebert, Fairall, Boal & Jackson, Edmunds & Ransom, and other parties were made defendants, as having or claiming liens on the premises, and a decree of foreclosure was prayed against them. On the 7th day of January, 1871, default was entered against all of the defendants except Fairall, Boal & Jackson, and on the same day judgment was rendered against Keilmeyer and wife, on their note to plaintiff for $3,307.62 and costs, and a decree of foreclosure of the equity of redemption of all the defendants, except Fairall, Boal & Jackson, was duly entered, and a special execution for the sale of the premises, or so much thereof as should be necessary to satisfy the judgment, was ordered. From the decree of foreclosure against them, George Ebert and Joseph Melleker appealed and filed a supersedeas bond in the usual form. None of the other defendants join in the appeal. Appellee moves for an affirmance of the judgment.

*Fairall, Boal & Jackson* for the appellants.

*Clark & Haddock* and *Brown, Campbell & Sully* for the appellee.

MILLER, J.— Appellee's motion for an affirmance of the judgment, in this case, is based upon the ground that the appellants have failed to file abstract, assign errors, etc., as required by law and the rules of this court. See

Rev., §§ 3514, 3515, 3516; and Rules of Court, §§ 23, 24, 25; 27 Iowa, 574.

It is further asked by counsel for appellee that, upon the affirmance of the judgment, this court render a judgment against the obligors in the appeal bond, for the amount of principal and interest of the judgment below, together with damages for having taken the appeal for delay.

Appellants do not resist the motion to affirm, but they insist that this court cannot, legally, render the judgment asked by appellee against the obligors in the appeal bond.

By section 3537 of the Revision of 1860, which is section 68 of the rules of this court: "The supreme court, where it affirms the judgment, shall also, if the appellee moves therefor, render judgment against the appellant and his sureties on the bond above mentioned, for the amount of the judgment, damages and costs referred to therein, in case such damages can be accurately known to the court without an issue and trial." Section 3538 of the Revision further provides: "Upon the affirmance of any judgment or order for the payment of money, the collection of which, in whole or in part, has been superseded by bond as above contemplated, the court shall award damages upon the amount superseded; and, if satisfied by the record that the appeal was taken for delay only, must award such sum as damages, not exceeding fifteen per cent thereon, as shall effectually tend to prevent the taking of appeals for delay only."

These sections of the statute embody the law, conferring power on this court to render judgment against the principal and sureties, in an appeal bond, in this court; and we are of opinion that they do not confer authority to render the judgment asked by appellee in this case, for several reasons, among which are: *First*, that the bond filed did not stay the issuing of execution. The judgment below was against Keilmeyer and wife for the amount due

the plaintiff, upon a promissory note. No personal judgment was rendered in the court below against appellants. The decree cuts off their equity of redemption. From this only could they appeal. They could and did only appeal from the judgment against them, and the bond only superseded the plaintiff's right to sell on execution so as to cut off *their* equity of redemption. The plaintiff could have sued out his execution and sold all the right, title and interest of Keilmeyer and wife, and the other defendants not appealing, in and to the premises ordered to be sold in the foreclosure proceedings.

Again, there being no money judgment rendered against appellants in the court below, the sections of the statute before set out do not confer power on this court to render such judgment here. This court is an appellate tribunal, having no jurisdiction to render an *original* money judgment. The statute authorizes this court, when it affirms a judgment rendered in a court of original jurisdiction, to give force and effect to *that* judgment, by rendering judgment against the appellant and his sureties in the appeal bond, but there must have been a money judgment in the court below, *appealed from*, before we are authorized to render such a judgment on the appeal bond. And though an appeal may have been taken solely for delay, it is only "upon the affirmance of any judgment or order *for the payment of money, the collection of which, in whole or in part, has been superseded by bond*," as contemplated by the statute, that we are authorized to award damages to the extent of fifteen per cent on the judgment, as a penalty upon an appellant who appeals for delay only.

The judgment of the court below is affirmed, with costs. But appellee's motion for an original judgment in this court on the appeal bond, and for damages, is denied.

Affirmed.