WESTBROOK AND SKINNER v. WICKS *et al.*

**Mandamus:** FROM SUPREME COURT. The writ of mandamus can issue from the supreme court only when directed to the district court, and in aid of the execution of its own powers and orders.

*Petition for Writ of Mandamus.*

SATURDAY, APRIL 26.

DAY, J. — The petition alleges in substance, that in the district court of Hamilton county, Henrietta Westbrook procured a decree of divorce from her husband, Lyman Westbrook, and was awarded in fee simple certain real estate, subject to the payment to Lyman Westbrook, of $150, one-half in one year, and one-half in two years, which was declared a lien on her real estate.

That the plaintiff, J. Skinner, defended Lyman Westbrook, in the divorce proceeding, and that he notified Harriet that he claimed a lien of $50, for attorney's fees, on the sums she was directed to pay her husband. That plaintiff requested Wicks, who is clerk of the Hamilton district court, to issue execution against Harriet Westbrook, for the enforcement of his lien, and that the clerk refused to issue such execution, stating that he had been ordered by the district judge that plaintiff was not entitled to such execution. The giving of this advice to the

clerk is alleged as the reason for applying in this court for the writ of mandamus. We have no jurisdiction in the premises. This court is one of appellate jurisdiction. Rev., § 2631; Const., art. 5, § 4. A writ of mandamus issues from the district court. Rev., § 3761.

It may issue from the supreme court to a district court, if necessary, and in any other case where it is found necessary to enable it to exercise its legitimate power Rev., § 3764. This is not such a case. The express grant of a power in enumerated cases implies a negation of it in those not mentioned.

*Expressio unius est exclusio alterius.*

The writ is

Refused.