## SIMONSON v. THE C., R. I. & P. R. Co.

1. **Practice in the Supreme Court : APPEAL.** The supreme court has no general original jurisdiction, and cannot order that an appellee shall proceed no further with a cause. An appellant who deems that the appellee has, pending the appeal, deprived himself of his rights thereunder, has the alternative of dismissal of his appeal, or of a final submission upon the merits thereof.

*Appeal from Shelby Circuit Court.*

FRIDAY, MARCH 22.

*Wright, Gatch & Wright,* for appellant.

*Ross & Dailey,* for appellee.

Simonson v. The C., R. I. & P. R. Co.

*Per Curiam.*—The defendant and appellant, by its motion, asks that plaintiff shall take nothing further in this cause, and that by the order of this court plaintiff be barred from the further prosecution of the action, and that defendant be discharged from further liability herein, and for costs. In support of the motion, certain vouchers and receipts, signed by plaintiff, are exhibited, which show a full settlement of the judgment obtained in the court below, and of all claim upon the cause of action. The attorneys for plaintiff resist the motion, and, among other things, claim that after the rendition of the judgment in the court below, the plaintiff, in writing, assigned to L. W. Ross, one of her attorneys, one-half thereof. It is averred, and the proof submitted by affidavit shows, that one of the attorneys of defendant, before the alleged settlement with plaintiff, well knew that said assignment had been made to said Ross. And it is alleged that the signature of the said plaintiff to said receipts and vouchers was procured by the false and fraudulent representations of the agents and attorneys of the defendant. It is asked, in behalf of plaintiff, that appellant's motion be denied, and that the cause be allowed to proceed to final determination on its merits. This court can, in this cause, do nothing more than exercise its appellate jurisdiction. It is here upon appeal, and we can only try such issues as are properly presented upon appeal. Section 3194 of the Code provides that "The Supreme Court may reverse or affirm the judgment or order below, or the part of either appealed from, or may render such judgment or order as the inferior court or judge should have done, according as it may think proper." We have no general original jurisdiction, and have no lawful power to order that an appellee shall not further proceed with a cause. The motion, and affidavits in resistance thereof, present issues of alleged fraud, and notice of an assignment of part of the judgment, which we cannot try by motion and upon affidavits. It is the appellant's right to withdraw and dismiss its appeal, and stand upon the alleged satisfaction of the judg-

*Marginal note: 1. PRACTICE in the supreme court: appeal.*

ment, if it should be so advised, and let the validity of the satisfaction and settlement be tried in the proper tribunal. Either such a dismissal, or a final submission upon the merits of the appeal, is all that now can be entertained. The motion to discharge defendant from further liability is

OVERRULED.