Lois Hoskins, Appellant, v. Hotel Randolph Company, Appellant; Otis Elevator Company, Appellee.

October 23, 1928.

*Carr, Cox, Evans & Riley,* for Hotel Randolph Company, appellant.

*William E. Miller,* for Lois Hoskins, appellant.

*Miller, Kelly, Shuttleworth & McManus,* for American Employers' Insurance Company.

Kindig, J.—Some years ago, there was an elevator catastrophe in the Hotel Randolph, at Des Moines, in which many persons were injured. Among them was the appellant Lois Hoskins, who brought an action, as plaintiff, in the district court of Polk County, against the Hotel Randolph Company, as defendant, to recover for her injuries. During those proceedings, the appellant Hotel Randolph Company, through written notice, vouched in the Otis Elevator Company, appellee, as the manufacturer of the elevator. Thereafter, the appellee defended against the claim of the appellant Lois Hoskins, for and in the

name of the Hotel Randolph Company, appellant. There was a verdict for the appellant Lois Hoskins, and judgment was duly entered against the Hotel Randolph Company, appellant, then a defendant.

No appeal was taken therefrom, but after the entry thereof, the Hotel Randolph Company, appellant, moved the district court that the same be established against the Otis Elevator Company, appellee, because of the previous calling into court to defend. Furthermore, the motion asked that the Otis Elevator Company, appellee, be designated in the judgment aforesaid as primarily liable, on the theory of a principal, and that the Hotel Randolph Company, appellant, be named therein as surety, under Section 3779 of the 1897 Code. That motion was denied by the trial court, and Lois Hoskins and the Hotel Randolph Company appealed to this court. As the result of the appeal, the judgment of the district court was reversed. See *Hoskins v. Hotel Randolph Co.*, 203 Iowa 1152. In the discussion therein, we said:

"The motions in effect are that the sentence of the law upon the ultimate facts shown by the record be formally pronounced, as among all the real parties to the record. Under analogous circumstances, the entry of formal judgment against one similarly concluded has been made in the original litigation. * * * We are of the opinion that, on the plaintiff's motion, judgment should have been entered on the verdict against the Otis Elevator Company. By Section 3779, Code of 1897, a judgment against principal and surety shall recite the order of their liability, and the term 'surety' includes 'all persons whose liability on the claim is posterior to that of another.' We are of the opinion that the case is within this section, and that the liability should be declared to be primarily that of the Otis Elevator Company."

Afterwards, upon application made by the Otis Elevator Company, appellee, to the Honorable Truman S. Stevens, he, on the 15th day of July, 1927, at his chambers, entered the following order:

"It is ordered that, upon the entry of the final judgment herein, reversing the order and judgment of the court below, all proceedings herein in this court and in the district court of the

county of Polk and state of Iowa, including the issuance of any writ of execution out of either court, be, and hereby are, in all things stayed, pending the petition of the Otis Elevator Company for writ of certiorari to the United States Supreme Court. The said Otis Elevator Company shall file in this court a bond executed by a surety company in the sum of $38,000, to be approved by the undersigned, conditioned that, if the Otis Elevator Company fails to make application for such writ of certiorari within the period allotted by law therefor, or fails to obtain an order granting its application or fails to make its plea good in the Supreme Court of the United States, it shall answer for all ·damages and costs which either the plaintiff, Lois Hoskins, or the defendant, Hotel Randolph Company, may sustain by reason of the stay.''

Said bond was signed by the American Employers' Insurance Company, and was duly approved by Justice Stevens.

Then, application for the writ of certiorari was made to the Supreme Court of the United States by the Otis Elevator Company, appellee, and denied by that court. Subsequently, the Hotel Randolph Company and Lois Hoskins, appellants, by separate motions filed in this court, asked for judgment against the American Employers' Insurance Company, the surety aforesaid, for the original adjudicated amount, including interest and costs, as specified in *Hoskins v. Hotel Randolph Co.*, supra. Whereupon, the American Employers' Insurance Company filed a resistance to each motion, upon the theory that there is no authority in the Supreme Court to enter a summary judgment upon this particular kind of a bond, but that suit therefor must be brought in the district court.

I. Section 4 under Article V of our state Constitution provides:

''The Supreme Court shall have appellate jurisdiction only in cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may, by law, prescribe; and shall have power to issue all writs and process necessary to secure justice to parties, and exercise a supervisory control over all inferior judicial tribunals throughout the state.''

Manifestly, the Supreme Court does not have original juris-

diction, and if, in any event, it has the power to enter judgment in the case at bar, it must be under its authority rising out of the appeal in *Hoskins v. Hotel Randolph Co.*, supra. *McGregor v. Gardner*, 16 Iowa 538; *Westbrook & Skinner v. Wicks*, 36 Iowa 382; *Simonson v. C., R. I. & P. R. Co.*, 48 Iowa 19; *Chicago, R. I. & P. R. Co. v. Dey*, 76 Iowa 278; *Security Tr. & Sav. Bank v. Gallup*, 195 Iowa 243. *Westbrook & Skinner v. Wicks*, supra, declares: "This court is one of appellate jurisdiction." *Security Tr. & Sav. Bank v. Gallup*, supra, aptly suggests: "Our jurisdiction is appellate, and not original."

II. The correction of errors is not asked, nor is complaint made about a judgment, order, or decree of the district court. But rather, an original judgment is sought here for the first time.

When the writ of certiorari was denied in the Supreme Court of the United States, procedendo duly issued in *Hoskins v. Hotel Randolph Co.*, supra, and, in accordance with the mandate of this court, judgment and decree was entered in the district court. Consequently, this court is not called upon to "exercise a supervisory control over" any inferior judicial tribunal "throughout the state," as authorized by Section 4, Article V, of the state Constitution. Moreover, it is not required that this court issue any "writs" or "process necessary to secure justice to parties," within the purview of that constitutional provision.

Hence, we are called upon to exercise original jurisdiction in the premises, unless it can be said that the remedy sought grows out of our appellate jurisdiction through implication, analogy, or inference.

III. Elucidation will result from a parenthetical consideration of the supersedeas statute at this place. Code of 1927, Section 12872, contains the following:

"The Supreme Court, if it affirms the judgment, shall also, if the appellee asks or moves therefor, render judgment against the appellant and his sureties on the appeal bond for the amount of the judgment, damages, and costs referred to therein in case such damages can be accurately known to the court without an issue and trial."

Clearly, however, the bond referred to in the enactment just quoted is different from the one involved in this controversy.

Here the suretyship agreement is not conditional to a supersedeas, pending an appeal from the district to the Supreme Court, as contemplated by the aforesaid section of the statute. Legislation does not exist in this state authorizing a bond given as a condition to the procurement of a stay order pending application for a writ of certiorari in the Supreme Court of the United States.

IV. Evidently, then, statutory implication or analogy does not assist at this juncture.

If, at any time (a question which we do not decide), it can be said that, by "implication or analogy," Section 12872, supra, may be extended to embrace a bond in the nature of the one in litigation, even then that principle would not aid those who made the motions in the present proceeding, because the appellant had no judgment in the district court, and none was entered here. Resultantly, there was no affirmance, as contemplated by Section 12872, supra. We said in *Berryhill v. Keilmeyer*, 33 Iowa 20:

"Again, there being no money judgment rendered against appellants in the court below, the sections of the statute before set out [legislation similar to that under consideration] do not confer power on this court to render such judgment here. This court is an appellate tribunal, having no jurisdiction to render an *original* money judgment. The statute authorizes this court, when it affirms a judgment rendered in a court of original jurisdiction, to give force and effect to *that* judgment, by rendering judgment against the appellant and his sureties in the appeal bond; but there must have been a money judgment in the court below, *appealed from*, before we are authorized to render such a judgment on the appeal bond."

It is to be remembered that the trial court refused to enter a money judgment against the Otis Elevator Company, appellee, and upon the appeal, this court reversed the decision below. So there was no "judgment" in the Supreme Court upon that occasion. Therefore, the "implication," even though permissible in some instances (a point not decided by us), would have no application under the circumstances, due to the fact that the written law previously set out herein does not cover the situation,

and the corresponding similarity cannot extend further than the original statutory basis for the "analogy."

V. Appellants, however, insist that there is inherent power to enter the judgment desired.

Inherency presupposes a primary object. Application of that thought to the instant case reveals that "inherent power" in the Supreme Court, under the constitutional provision before mentioned, can arise out of only appellate, as distinguished from original, jurisdiction. Wherefore, if this particular quality is not an element of appellate jurisdiction, there is no ground for its support.

VI. While discussing the general subject, we said, in *Wehrman v. Moore*, 177 Iowa 542:

"The following express grants of power to the Supreme Court exist: It shall have power to issue all writs and process necessary to secure justice to parties, and to exercise a supervisory control over all inferior tribunals throughout the state. Constitution, Section 4, Article 5. It has appellate jurisdiction over all judgments and decisions of all courts of record, except as otherwise provided by law. Code, 1897, Section 4100. It may issue all writs and processes necessary for the exercise and enforcement of its appellate jurisdiction. Code Section 4109. Aside from all this, the power to grant orders which will make the appellate jurisdiction effective and preserve the status, pending appeal, is inherent."

Protection is not here sought for the judgment of the district court during the pendency of an appeal, because there was none there. Instead of there being a previous, existing money judgment below before the appeal, the situation is presented where a reversal resulted in this court, due to the trial court's failure to enter such judgment, and, through procedendo, the cause was remanded, with directions to allow judgment contrary to what had formerly been done. The only judgment existing now against the Otis Elevator Company, appellee, is in the district court. Throughout this process, there was no judgment in the Supreme Court, and one was entered in the district court only after the reversal, as shown by the evidence now produced. For that purpose, the jurisdiction of this court was at all times effective, to the end that the district court was reversed, and the

cause sent back to it for the recording of a proper judgment. Preservation of the status quo pending the appeal was not demanded by appellants, for they asked a reversal, rather than the affirmance of a judgment. Special writs and processes from this court are not demanded, but rather, it is asked that there be entered an original judgment upon the bond in question. Plainly, then, *Wehrman v. Moore*, supra, does not apply.

VII. To safeguard was the object of requiring a bond as a prerequisite for the adventure into a realm beyond the bounds of an appeal during the pendency of the application to the Supreme Court of the United States. Undoubtedly, that was the exercise of a power possessed by this tribunal and by the justice who utilized it, because the issuance of such stay order is a part of our appellate jurisdiction. Nevertheless, when the security was required as a basis for the stay, a sufficient guaranty was accomplished, and no other order, writ, or process was necessary, under the facts in this case. Our appellate jurisdiction ended at the point where it was not necessary that more be done to secure justice for the parties and further exercise a supervisory control over inferior judicial tribunals.

No attempt was made to exercise the appellate jurisdiction any further. The condition for the stay was not for a bond with a surety consenting to a summary judgment in this court (assuming, without deciding, that this requirement could be made), but only that there be a bond with a surety.

Necessarily, then, we cannot now grant the relief prayed, in view of the fact that, in so doing, exercise would be made of original, and not appellate, jurisdiction. Appropriate proceedings, therefore, must be brought for the proper redress in the court of original jurisdiction where the judgment is pending. Not having jurisdiction of the controversy, we do not pass upon the question as to what is meant by the term "damages and costs," as used in the bond.

The motion, accordingly, must be, and hereby is, overruled. —*Motion overruled.*

STEVENS, C. J., and FAVILLE, ALBERT, MORLING, and WAGNER, JJ., concur.