\*INDEPENDENT SCHOOL DISTRICT OF DEDHAM, Appellee, v. STATE SAVINGS BANK OF DEDHAM, Appellee, et al., Appellant. ·

**APPEAL AND ERROR:** Notice—Co-parties. In an action by a municipality against the receiver of an insolvent bank and its surety, to obtain a preference in the payment of the municipal deposit, an appeal from the decree granting the prayer on the plea of both plaintiff and the surety will be dismissed when no notice of appeal is had upon the surety.

Headnote 1: 3 C. J. p. 1238.

Headnote 1: 2 R. C. L. 110.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

APRIL 5, 1927.

---

\*Costs paid by appellee June 7, 1927, and petition for rehearing abandoned.

Suit by a depositor against the receiver of an insolvent bank and against the surety on the depository bond given by the said bank as a depository of public funds. The suit was brought in equity, and prayed that the claim be established as a preferred claim, the plaintiff being an independent school district. Plaintiff prayed also for judgment against the defendant surety. The defendant surety company filed an answer, and filed also a cross-petition against its codefendant, asking that the claim of plaintiff be established as a preferred claim, as prayed by the plaintiff itself. Decree was entered, establishing the claim as a preferred claim. Jurisdiction was retained over the surety company, and the cause continued, and adjudication of its liability to the plaintiff was reserved "until such time as it may be known whether the assets in the hands of said receiver are sufficient to pay the preferred claims." From this decree the receiver alone appealed, by serving notice in due form upon the plaintiff alone and upon the clerk of the district court.—*Appeal dismissed.*

*Ben J. Gibson* and *Salinger, Reynolds & Meyers,* for appellant.

*W. C. Saul* and *W. I. Saul,* for appellee.

EVANS, C. J.—The appellee. filed a motion to dismiss the appeal for want of service of notice by the defendant, as appellant, upon its codefendant and cross-petitioner, the American Surety Company, as required by Section 12834, Code of 1924. This motion was resisted by the appellant, on the ground that the American Surety Company was not its coparty *to the judgment.* The decree entered was responsive both to the prayer of the plaintiff's petition and to the prayer of the surety company's cross-petition. The decree thus entered was an adjudication as to the three parties to the litigation. The liability of the surety company was recognized as secondary. As such, it was interested in the establishment of the preference, and was entitled to require of the plaintiff that it exercise such preference. If we should reverse the decree on this appeal, one of two results must follow: Either (1) the plaintiff would lose its right of preference, as against the defendant receiver, and would be still bound to exercise such right of preference as

against defendant surety company; or (2) such reversal would operate to defeat the preference as against both the plaintiff and the defendant-surety. As against the first alternative, the plaintiff would have a right to complain; as against the second, the surety company would have a right to complain. The surety company is not represented here. If the defendant, as appellant, had made the surety company a party to the appeal by serving notice thereon, then a reversal would operate injuriously upon it. In the absence of notice, a reversal will not operate less injuriously, except upon the theory that we have no jurisdiction over it and no power to affect its adjudicated rights at all.

Upon the trial below, it was stipulated into the record that there were sufficient funds in the hands of the receiver to pay in full all the preferred claims. The decree, therefore, operated to the full protection of the surety against its secondary liability. We must hold, therefore, that the failure to serve notice upon the surety company was fatal to the appeal.

The motion of appellee to dismiss is sustained.—*Dismissed.*

De Graff, Albert, and Morling, JJ., concur.