CATHERINE M. CAHAIL, Appellee, v. SOLOMON LANGMAN et al., Appellants.

REFORMATION OF INSTRUMENTS: Instruments Reformable—Making Contract for Parties. Reformation of the description of land sought to be conveyed is unthinkable when the vendee would be compelled to take, under such proposed reformation, land which he in part clearly did not intend to buy, and would lose land which he unquestionably intended to buy.

APPEAL AND ERROR: Notice—Failure to Serve Non-interested Parties. An appellant who appeals from a decree which *denies* his prayer for a reformation of a contract and *grants* to the appellee a

rescission of such contract need not serve notice on other parties who have no interest whatever in said issues of reformation or rescission.

**VENDOR AND PURCHASER:** Rescission—Innocent False Representations. False representations, when material and justifiably relied on, furnish ample grounds for an equitable decree of rescission, even though it be conceded that the representations were *innocently* made.

Headnote 1: 34 Cyc. p. 915.  Headnote 2: 3 C. J. p. 1221.  Headnote 3: 9 C. J. p. 1169; 39 Cyc. p. 1261.

Headnote 1: 23 R. C. L. 335.  Headnote 3: 14 L. R. A. (N. S.) 1210; 38 L. R. A. (N. S.) 306; 27 R. C. L. 375.

*Appeal from Scott District Court.*—W. W. SCOTT, Judge.

DECEMBER 13, 1927.

The plaintiff asks for rescission of a written contract providing for the sale or exchange of real estate. The defendants ask reformation of said contract. The court granted a decree of rescission. The defendants appeal.—*Affirmed.*

*Hoersch & Hoersch,* for appellants.

*Bush & Bush,* for appellee.

WAGNER, J.—On September 5, 1924, the appellee and the appellants entered into a written contract, providing for a sale by the appellants to the appellee of real estate described therein as follows:

"A tract described as beginning at a point on the east line of Fair Avenue as shown on the plat of James Grant's Subdivision, recorded in Book 30 of Town Lot Deeds, page 466, in the office of the recorder of Scott County, Iowa, 240 feet south of the north line of Sec. 23, in Twp. 78 N., Rng. 3 east of the 5th P. M.; thence running south along said east line of Fair Avenue 40 feet; thence east 140 feet more or less, to the west line of the alley in Block 6 in said subdivision; thence north 40 feet; and thence west 140 feet, more or less, to the place of beginning."

1. REFORMATION OF INSTRUMENTS: instruments reformable: making contract for parties.

The purchase price of said real estate was $5,000. The appellee paid $1,000 at the time of the execution of the contract. It is therein provided that the balance, $4,000, shall be paid by

monthly installments of $35, commencing October 1, 1924, except that, on July 1, 1925, the sum of $1,000 was to be paid; but the appellee had the right to convey to appellants Lots 11 and 12 in Block 2 of Westholme's Fourth Addition to the city of Davenport, in lieu of said $1,000. The contract further contains the usual provisions as to payment by appellee of taxes and of interest upon deferred installments, and that, upon full performance by appellee, the appellants will execute a warranty deed. It is admitted that the description of the real estate in the contract is erroneous. The appellee prays for rescission, and the appellants for reformation. We do not deem it necessary to set out the testimony. While there is some conflict therein, yet there is no conflict as to many of the salient facts upon which the case must be determined.

The house upon the real estate which the appellee intended to purchase faces westward, upon what anyone, in looking at the same, would take to be a street; but it has not been dedicated to the city, nor accepted by the city as such, and the city, for said reason, has refused to pave the same. The title to the real estate which has the appearance of a street, as well as to about 18 feet to the east of the sidewalk running along same in front of the property which the appellee intended to purchase, is in one of the appellants. To reform the contract as prayed by the appellants, there would be about 18 feet east of the sidewalk, and between it and the house, which the appellee believed she was getting by the purchase, and which anyone who saw it would consider as a front yard; and the west end of the house comes within about 3 feet of the west line of the property which the appellee would obtain if the court should grant reformation, as prayed by the appellants. The east line of the property in controversy is an alley. The house had just been erected by one of the appellants before the sale. The south line of the property, according to the description contained in the contract, cuts the house which the appellee intended to buy in the middle thereof, and the north line of the property, according to contract, cuts the house owned by the Lorenzens on the north in about the middle.

Before the appellee entered into the contract, the property was shown her by a real estate agent; and it is fairly established by the evidence that the agent, standing on the sidewalk, repre-

sented to her that the tract of real estate extended from there eastward to the alley, which representations the appellee believed and relied upon; and that she would not have entered into the contract, had she known that the west 18 feet of what she believed was the front yard was not to be included in the real estate to be conveyed.

It is also established by the evidence that the real estate agent, at the time he showed the property to the appellee, pointed out to her what he said was the north line thereof, as being north of the house a sufficient distance to provide a driveway on the north side thereof, which representations the appellee believed and relied upon; and that she would not have entered into the contract, had it not been for said representations. If reformation were granted, as prayed by the appellants, it would leave an insufficient space for a driveway on the premises.

The appellants, in an amendment to their answer, brought in, by way of cross-petition, the Lorenzens, the owners of the property to the north, and alleged in said amendment that they claim some interest in the real estate which plaintiff actually bought, and which will be correctly described if reformation is allowed, as prayed in defendants' cross-petition; and they pray, as against the Lorenzens, that the court decree that they have no interest in the real estate properly described, when reformation is made. The Lorenzens answered the cross-petition, neither affirming nor denying that they claim any interest in the real estate, but alleging other defenses, as against the cross-petition. The court in the decree, as hereinbefore stated, granted rescission, denied reformation, and, in addition thereto, dismissed the defendants' cross-petition, and entered judgment against the defendants in favor of the Lorenzens for the costs upon the cross-petition.

The first thing which comes before us for our consideration is a motion by the appellee to dismiss the appeal, because no notice of appeal was served upon the Lorenzens or their attorneys, —which motion to dismiss was ordered submitted with the case.

The conclusive answer to this contention of the appellee's is that the defendants have appealed only from the judgment and decree of the trial court rendered in favor of the plaintiff. It

2. APPEAL AND
ERROR: notice:
failure to serve
non-interested
parties.

was not necessary for the defendants to appeal from that portion of the decree dismissing their cross-petition as against the Lorenzens, and rendering judgment against them for the costs thereon made; for they were entitled to take an appeal from any specific part of the judgment or decree. Section 12837, Code of 1924. The Lorenzens were not necessary parties to determine the questions arising as between the appellants and the appellee, as to whether or not the appellee is entitled to rescission, and as to whether or not the appellants are entitled to reformation. The motion to dismiss the appeal is overruled.

Now, what as to the merits of the contentions of the respective parties? As hereinbefore stated, it is admitted that the description of the real estate in the contract is erroneous. There was a mistake of fact relative to the property to be conveyed. The reformation asked on account of a mutual mistake of fact as to the real estate to be conveyed, cannot be granted unless it be established by clear, satisfactory, and convincing evidence that the minds of the parties met and agreed upon the property which the vendor offers to the vendee by the reformation. As shown by the record, the appellee believed that she was buying a strip 40 feet wide, extending from the sidewalk east to the alley. This fact is conclusively established by the record; for the real estate agent testified that he intended the appellee to think that she was getting the real estate between the sidewalk and the house, and the appellee testified that she believed, from the representations made, that she was to get that real estate. No other rational conclusion can be arrived at. Therefore, the minds of the parties never met upon the purchase by the appellee of the real estate now proposed by the reformation asked by the appellants to be given to the appellee, for it does not include the 18 feet of lawn between the house and sidewalk. The appellants are not entitled to reformation.

The record conclusively shows false representations to the appellee by the appellants, through the real estate agent, as hereinbefore mentioned, upon which she relied. Although said

3. VENDOR AND
PURCHASER:
rescission: inno-
cent false repre-
sentations.

misrepresentations may have been innocently made, that fact does not prevent rescission. *Scienter* need not be proven, in order to effect a rescission. *Gray v. Bricker*, 182 Iowa 816;

*Selby v. Matson,* 137 Iowa 97. The controlling question of fact is whether the appellee's belief was induced by the aforesaid representations made by the agent of the appellants. Misrepresentation of material facts, although innocently made, if acted on by the other party, will constitute a sufficient ground for rescission in equity. 9 Corpus Juris 1169.

. In *Selby v. Matson,* supra, it was said:

"The defendant had a right to have the thing—the particular land—for which he traded, and plaintiff could not·substitute other.tracts, even though of. equal value."

In *Clapp v. Greenlee,.* 100 Iowa 586, where the plaintiff entered into a contract for the exchange of real estate, and was shown the east half of the section which he thought he was pur-. chasing, instead.of the west half, which he actually procured, it was held that the plaintiff was entitled to rescission. The court there said:

"* * * if there was a mistake as to the subject-matter,.then there was no meeting of the minds,—no contract between the parties."

In the instant case, there was no meeting of the minds upon the property to be purchased by the appellee. She believed that she was to obtain what was pointed out to her, before the contract was signed, as being within the boundaries shown. It is shown by the record that appellants intended to convey all of the realty east of the sidewalk. There is no plea of laches or waiver on the part of·the appellee, and no evidence tending to establish the same.

We have scrutinized the decree rendered by the lower court, and find that its provisions place the parties *in statu quo,* and we are content with the judgment and decree rendered.

The action of the lower court is in all particulars affirmed. —*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.