FLORENCE A. PIERCY, Appellant, v. DE WITT BRONSON et al., Appellees; ELLA G. HICKS et al., Interveners.

DECEMBER 17, 1927.

OPINION ON REHEARING SEPTEMBER 28, 1928.

590

*R. J. Organ* and *William P. Welch,* for Florence A. Piercy, appellant.

*Bolter & Murray,* for Joe Moore, Ruby Coffman, Ila Arnt, Ida Withem, Marie Small, Sam Moore, Edna Moore, and Juanita Christiansen, appellees.

*P. W. Harding* and *Robertson & Havens,* for Hazel Dungan, Leonard Dungan, and Mrs. Earl McFarland, appellees.

*W. I. Wolfe* and *Cochran & Wolfe,* for Ella G. Hicks, intervener.

*Tamisiea & Tamisiea,* for Lillie Piercy, intervener.

*Frank Tamisiea,* Guardian ad litem for Martha Moore and Abbie Moore, appellees.

PER CURIAM.—By reason of the matters hereinafter set out, the original opinion filed in this case and reported in 216 N W. 753 is withdrawn.

Certain of the heirs filed a motion to dismiss the appeal in this case. In the original opinion we held that, because the case was assigned for trial on March 9, 1927, and motion to dismiss the appeal was served on March 2d preceding, the motion to dismiss should be overruled, under Section 12885, Code of 1927, and Rule 19 of this court, because not served ten days before the time the case was assigned for trial.

On petition for rehearing, our attention was called to the fact that the cause was not submitted at the period commencing March 9, 1927, but was continued, and reassigned for the May period following; hence the service was within the time. This matter was considered by the full bench, and it is the conclusion of the court that, as the case was finally submitted at the May period, the motion to dismiss was served in time, and our former ruling is erroneous.

The reason and purpose of Section 12885 and said Rule 19 are to prevent the raising of the question of want of jurisdiction in this court at the eleventh hour, when it is too late for the opposing party to meet such contention. In this case, however, there was abundant time between the service of the motion attacking the jurisdiction of this court and the sub-

mission of the case for the appellant to meet such contention and correct her record, which, in fact, was attempted, a certification of such record being filed in this court April 4, 1927. We therefore will give consideration to this motion.

There are some thirty parties interested in this case, represented by nine firms of attorneys, and it has been a laborious task to check the record as to service of notice of appeal. The point made in the motion to dismiss is that the appeal was not perfected because of want of service of notice on certain of the appellees. It is clear that no service of notice was had upon DeWitt Bronson, Mary C. Moore, Florence Young, Martha and Abbie Moore, or Frank Tamisiea, as guardian *ad litem* for said Martha and Abbie Moore, minors. The rule in this state is well established that want of service of notice on opposing parties does not defeat the jurisdiction of this court unless the rights and interests of such parties would be adversely affected in event that this court should change the decision of the lower court.

As to Mary C. Moore, it is quite obvious that, if any of the contentions of the appellant should be sustained by this court, it would result in increasing her share; hence the failure to serve notice on her is not fatal.

It is equally obvious that the interests of Florence Young would not be adversely affected.

As to DeWitt Bronson, the lower court decreed him to be the owner of an undivided one eighth of the property, subject to payment by him of $100 to his sister Florence. Under any theory advanced by appellant, a change from the decision of the lower court of necessity will result in an increase of his share, and not a decrease; hence no harm would come to him from a failure to serve notice of appeal upon him.

Among the appellees were two minors, Martha and Abbie Moore. The district court appointed Frank Tamisiea guardian *ad litem* for them, and he appeared and filed answer. The court awarded to each of these minors a one-sixteenth interest in the property proposed to be partitioned. Every contention made by appellant herein, if sustained by this court, must result in a reduction of the respective shares of these two minors; hence notice of appeal was necessary as to them. No

such notice of appeal having been served on them or their guardian *ad litem,* this appeal was not complete, and the motion to dismiss should have been sustained. The parties above referred to were not served with notice in either the appeal of Florence A. Piercy or that of the intervener Ella G. Hicks. —*Appeal dismissed.*