LOUELLA J. READ, Appellee, v. CLARENCE T. GREGG et al., Defendants; A. W. FOUST, Intervener, Appellants.

No. 41626.

FEBRUARY 14, 1933.

Genung & Genung, for appellant.

Keenan, Barnes & Clovis, for appellee.

DONEGAN, J.—Defendant Albert Martinsen was the equitable owner of land in Page County, Iowa, which he had purchased on contract from defendant T. H. Read. On the 28th day of January, 1931, he leased this land to defendant John J. Chancey for one year, March 1, 1931, to March 1, 1932, for a rental of $3,000.00, taking a written lease and two rent notes for $1,400.00 and $1,600.00, respectively.

On the 3rd day of February, 1931, plaintiff, Louella J. Read, served original notice, and on the 9th day of February, 1931, filed her petition asking for judgment against defendant Clarence T. Gregg on a note executed by him and then owned by plaintiff, and asking for the foreclosure of a second mortgage on the land in question and other land, which mortgage had been executed by the defendant Gregg as former owner thereof, and which she alleged had been assumed by the defendants Albert Martinsen and Martin Martinsen. In her petition she also asked for the foreclosure of the mortgage securing said note, and for the appointment of a receiver to collect the rents and profits from the land. By an amendment to her petition, filed March 13, 1931, plaintiff withdrew any claim for personal judgment against the defendants Martin Martinsen and Albert Martinsen. By a further amendment, filed March 27, 1931, plaintiff alleged that subsequent to the execution and delivery of the note and mortgage in suit the defendant T. H. Read foreclosed a mortgage on said land which was junior and inferior to the mortgage in suit, and that, under said foreclosure proceeding, he pur-

chased said land and secured a sheriff's deed therefor and is now the holder of the legal title, and that the said T. H. Read should be made a party defendant. Defendant T. H. Read entered an appearance and consented that decree be entered by the court as prayed by plaintiff in her petition and amendments.

On the 27th day of March, 1931, a decree of foreclosure was entered upon the petition of the plaintiff, Louella J. Read, foreclosing the said mortgage upon the said land of which the defendant Albert Martinsen was the equitable owner and upon other land included in said mortgage, and appointing a receiver for the portion of the land covered by said mortgage which was not owned by the defendant Albert Martinsen.

On the 3rd day of August, 1931, plaintiff, Louella J. Read, filed a further amendment to her petition, making John Chancey a party defendant, and alleging that, after the commencement of her said action, said defendant moved upon the land in question and is occupying same as a tenant under some arrangement made with the defendant Albert Martinsen. She alleges further that, since the original decree was rendered, all land foreclosed upon has been sold under special execution, and that, after applying the sale price to plaintiff's claim and costs, there remains a deficiency judgment of $1,982.01; that the rent from the land will not be sufficient to pay said deficiency. She asks that the receivership be extended to cover the land in question, of which Albert Martinsen is the equitable owner, and that the defendant John Chancey be required to account to said receiver for the rent of said land. On September 1, 1931, defendant John J. Chancey filed a separate answer and counterclaim in which, after denying all allegations of plaintiff's petition and amendments thereto which were not specifically admitted, he states that on the 28th day of January, 1931, he entered into a lease with the defendant Albert Martinsen for the land in question for the year March 1, 1931, to March 1, 1932; that he moved onto said land on the 2nd day of February, 1931, and has been in possession thereof since said date; that he agreed to pay cash rental of $3,000, $1,400.00 of which is due September 1, 1931, and $1,600.00 of which is due February 1, 1932, and evidenced by two promissory notes dated January 28, 1931, which were delivered to the defendant Albert Martinsen. He further states that on the 18th day of August, 1931, he received a letter from one A. W. Foust notifying him that the said note for $1,400.00 would be due September 1, 1931, and

that he is informed and believes that said Foust claims to be the owner of said note. He admits the obligation for the payment of rent, states that he is indifferent as to the person to whom he shall pay the same, and asks an order of court making A. W. Foust a party to this action.

On the 2nd day of September, 1931, plaintiff, Louella J. Read, filed her answer to the counterclaim of defendant Chancey in which she denies that he is entitled to any reduction of rent and asks that said counterclaim be dismissed. On the 2nd day of September, 1931, A. W. Foust filed his petition of intervention, in which, after alleging the execution of the lease and notes by defendant Chancey to defendant Albert Martinsen,- he further alleges that prior to the 9th day of February, 1931, said notes were endorsed and said lease assigned to him by said defendant Albert Martinsen for a good and valuable consideration; that he is the owner of the said notes and lease; and that by virtue of the lease·he is entitled to a landlord's lien upon the crops raised upon the land in question: and he asks that such landlord's lien be established and·that his interest in the rents and profits of said land be decreed to be prior and superior to the rights of the plaintiff.

On the 2nd day of September, 1931, defendant Albert Martinsen filed his separate answer to plaintiff's amendment to petition, in which he alleges that he is the owner of the real estate described in plaintiff's petition, under a contract of sale with one T. H. Read; that prior to the filing of plaintiff's original petition on the 9th day of February, 1931, he entered into a contract of lease with defendant Chancey, leasing said real estate for the cropping years, 1931-1932; that, pursuant to the terms of said lease, Chancey has entered into the possession of said real estate; that the said Chancey agreed to pay the said rental of $3,000.00 represented by promissory notes of $1,400.00 and $1,600.00, respectively; that prior to filing of the original petition by plaintiff he sold and endorsed said notes and assigned said lease to A. W. Foust for a valid consideration; that the interest of this answering defendant in said action is as endorser upon said notes; that the assignee of the said lease is entitled to a landlord's lien upon the crops raised upon said land; that this answering defendant is entitled to have said lien established against said crops to protect him as endorser upon the said notes: and he asks that, whatever order is made with reference to the appointment of a receiver for said real estate or for rentals to be paid to said re-

ceiver, such order be subject to the terms and conditions of the said lease. .

On the 13th day of October, 1931, defendant Chancey filed his separate answer to petition of intervention of A. W. Foust, in which, after denying all allegations of said petition except such as are specifically admitted, he admits the execution of the lease and rent notes for $3,000.00 to defendant Albert Martinsen; alleges that he has no information as to the sale and assignment of said notes by Martinsen to intervenor, Foust; states that he has no information or belief as to whether or not the rights of the intervener to rents or profits are prior to and superior to plaintiff's rights, and denies same; admits that he is obligated for the payment of the rent above the amount of the counterclaim; states that he is indifferent as to whom the rent shall be paid; and asks the court to find and determine the amount of and to whom such rents should be paid.

Thereafter, trial was had and decree entered by the court on the 5th day of December, 1931. In this decree the court found that the lease and rent notes were taken and assigned to the intervener, Foust, for the purpose and intent on the part of Albert Martinsen and A. W. Foust to defraud the holder of the mortgage in suit and prevent said holder from taking advantage of the receivership clause in said mortgage; that the intervener, Foust, is not the holder of said notes in due course, but is a mere assignee thereof, and has no greater rights in the rentals and income from said land that the said defendant Albert Martinsen would have if said notes and lease were still held by him. The court further finds that, by agreement of all parties, a counterclaim of defendant Chancey in the sum of $757.50 is to be deducted from the rent note of $1,600.00 due February 1, 1932; decrees the appointment of a receiver and directs that the lease and rent notes with the credit of $757.50 thereon be placed in the hands of such receiver for enforcement against said Chancey; and orders that judgment be entered against the defendant Albert Martinsen and against the intervener, A. W. Foust, for the costs incurred by reason of the issue joined between plaintiff and said parties to this hearing.

From said decree the intervener, A. W. Foust, appealed to this court, and served notice of such appeal upon the plaintiff, Louella J. Read. No notice of such appeal was served upon any of the defendants. The plaintiff-appellee, Louella J. Read, has filed herein a motion to dismiss said appeal.

I. Appellee's motion to dismiss the appeal is based upon two grounds:

"1. That no notice of appeal was served on the defendant Albert Martinsen, the equitable owner of the land;

"2. That no notice of appeal was served on the defendant John J. Chancey, the tenant on the farm both before and after the appointment of the receiver."

The statutes relating to service of notice of appeal are found in Sections 12834 and 12837 of the Code of 1931, and are as follows:

"12834. Appeal by coparties. A part of several coparties may appeal, but in such case they must serve notice of such appeal upon those not joining therein, and file proof thereof with the clerk of the court from which the appeal is taken.

"12837. Notice of appeal—service. An appeal is taken and perfected by the service of a notice in writing upon the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and by filing said notice with return of service indorsed thereon or attached thereto with the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

These statutes provide for service of notice of appeal upon all parties to an action, both coparties and adverse parties. If service is made upon all parties, as directed by these statutes, this court will have jurisdiction to hear the appeal. In the case of Oskaloosa Savings Bank v. Miller, 189 Iowa 393, in referring to Section 4111, Code of 1897, in which the provision for service on coparties was the same as in Section 12834 of the present Code, we said:

"Section 4111, Code, 1897, which requires service on coparties, creates no substantive law. Before the passage of that statute, this court lacked the power to settle controversies where there was a fatal defect in parties. That is still so. It is a denial of due process of law to act, if necessary parties are not before the court. This statute merely declares how a fatal defect of parties may be avoided. It takes the place of summons awarded at common law, on motion of the plaintiff in error, that other parties join in the appeal, and of the severance granted on refusal which permitted that plaintiff to prosecute the appeal alone. No appellate court may take any-

thing from one over whom it has not acquired jurisdiction. This statute provides the means for obtaining that jurisdiction. * * * The limitation upon judicial action is, in essence, that no reversal shall take away anything from one who is not brought into court. The failure to serve the notice required by this statute is, strictly speaking, not a failure to obtain jurisdiction for the appellate court. It may decide the appeal, provided it is unnecessary to pass upon any issue that affects the party not brought into court. The notice, in strictness, does not more than give power to consider matters involving the interest of the party notified."

In Clayton v. Sievertsen, 115 Iowa 687, we quoted with approval the rule laid down in Elliott's Appellate Procedure, Section 144, which says:

" 'It (notice) certainly is jurisdictional whenever the nature of the case is such as to render it necessary to have all the parties before the court, in order to fully determine their rights.' "

In Oskaloosa Savings Bank v. Miller, supra, after again quoting this rule with approval, we added:

"And, if there may not be a reversal without prejudicing parties who have not been served, the appeal must be dismissed."

See, also, Dillavou v. Dillavou, 130 Iowa 405; In re Will of Downs, 141 Iowa 268; Security Trust & Savings Bank v. Gallup, 195 Iowa 243; Taylor v. Woodburn Bank, 198 Iowa 772; Independent School District v. State Savings Bank, 204 Iowa 1; Piercy v. Bronson, 206 Iowa 589; Coggon State Bank v. Woods, 212 Iowa 1388; Jenkins v. Beeler, 213 Iowa 501.

It is apparent from what has been said above that a failure to serve all parties, as directed by the statutes, does not necessarily deprive this court of jurisdiction. A party whose interest will in no way be affected by a reversal may not be served with notice of appeal and this court still have power to decide the appeal. On the other hand, any party whose interest will be adversely affected by a reversal is a necessary party to the appeal, and a failure to serve such a party with the notice of appeal leaves this court without jurisdiction.

II. Appellee contends that a reversal of the decree will prejudicially affect both Martinsen and Chancey. In their pleadings

Martinsen and the intervener, Foust, both alleged that the lease and two rent notes were given to Foust in exchange for two promissory notes of Martinsen which were owned by Foust. In this exchange Martinsen endorsed the two rent notes, and, if the transaction was bona fide, he thus became liable to Foust on these endorsements. The decree of the trial court holds that the transaction was fraudulent, and gives the notes to the receiver with the right to enforce payment thereon against Chancey. Foust has been deprived of the rent notes. He cannot compel Martinsen to make good on his endorsements of these notes, and he cannot compel Martinsen to return the two personal notes of Martinsen which he gave to Martinsen in exchange for the rent notes, because, as between themselves, courts will not aid parties who have committed a fraud. As between themselves, courts will leave such parties to suffer whatever loss they may sustain as the result of their acts in furtherance of the fraud. Martinsen did not endorse the rent notes to the receiver, and the decree did not give the receiver any rights against Martinsen because of the endorsements. As long as the decree stands, Martinsen is freed of any liability on his endorsements of the notes. But, if the decree should be reversed, it must be because the trial court was wrong in holding the transaction between Martinsen and Foust to be fraudulent. If this transaction was not fraudulent, Foust is the lawful owner of the rent notes, and Martinsen is liable on his endorsements of these notes to Foust.

In the decree of the trial court judgment for costs was entered against the defendant Albert Martinsen and the intervener, A. W. Foust. If this decree is reversed, it must be because this court finds that the transaction between Martinsen and Foust was *not* fraudulent, and that the notes and the lease should be restored to the intervener, Foust. In that event, there is no reason why this court should not reverse the provision of the decree which gives a judgment for costs against Foust. The defendant Martinsen, however, not having appealed, cannot be granted any relief by this court, and, as to him, there will still remain the liability for the full amount of the costs. As the decree stands, he is liable for the payment of the full amount of the costs; but, if he pays all these costs, he has a right against Foust to enforce contribution of his part of such costs. If the decree be reversed and intervener, Foust, relieved from all liability for costs, the defendant Martinsen would thus be deprived of his right to enforce contribution from Foust.

The defendant Chancey denied Foust's petition of intervention and denied his ownership of the notes and lease. The decree holds that the notes and lease do not belong to Foust, vests title thereto in the receiver, and directs the receiver to collect the rents from Chancey, giving him credit for $757.50 allowed him on his counterclaim by agreement of all parties. Under the decree, therefore, Chancey is liable for the payment of the rents, less this credit, to the receiver. If the decree should be reversed, Foust would be declared the owner of the notes and would have a right to enforce them against Chancey. Chancey not having appealed, no change could be made in the decree so far as it affects him. So far as Chancey is concerned, therefore, the provisions of the decree making him liable for the payment of the rent to the receiver would stand. It further appears in the decree that the receiver was directed to harvest the corn crop for the year 1931, and, after giving Chancey credit for $757.50, he was ordered to pay the amount realized from the sale of the corn, less expenses of gathering and marketing same, to the plaintiff on her deficiency judgment. There is nothing in the record to indicate, and we cannot assume, that this has not been done. The presumption is that the directions in the decree have been carried out and that Chancey has already paid the rents. If, however, the decree is reversed, the rent notes will be returned to Foust, and Chancey, although he has already paid the rents, will still be liable on the rent notes to Foust.

We see no escape from the conclusion that the contentions of the appellee are good, and that a reversal of the decree by this court would be prejudicial to parties who have not been served with the notice of appeal. The appeal must, therefore, be—Dismissed.

All the Justices concur except Justice Stevens, who takes no part.