First Trust Joint Stock Land Bank of Chicago, Appellee, v.
A. F. Yarcho et al., Defendants; Mrs. Anna Potter,
Intervenor, Appellant.

No. 42138.

November 14, 1933.

A. M. Cloud and Francis R. Fleming, for appellant.

Molloy & Smith, for appellee.

Anderson, J.—The plaintiff-appellee brought an action to foreclose a real estate mortgage upon farm property. The defendants named were A. F. Yarcho, Kate S. Yarcho, Iowa Farm Mortgage Company, John Barclay, and Mrs. John Barclay. The defendants A. F. Yarcho and Kate S. Yarcho were the title holders and the makers of the note and mortgage. The defendant John Barclay and his wife were tenants in possession of the mortgaged premises. There was a personal judgment upon the indebtedness against the Yarchos and a decree foreclosing the mortgage. The matter as to the appointment of a receiver was continued by the court. The

mortgaged premises were sold under the foreclosure decree for $2,400 less than the amount of the judgment. Mrs. Anna Potter intervened in the action, claiming the right to the rents arising from the mortgaged property during the period of redemption by reason of the assignment to her by the title holder, A. F. Yarcho, of a lease of the property with the defendant John Barclay for the period ending March 1, 1933. Issue was joined on the intervenor's claim, and upon a trial thereof the court found that the assignment and transfer of the lease was not a bona fide transaction for value, and dismissed the petition of intervention. The court also appointed a receiver for the mortgaged premises authorizing and directing him to collect the rents and profits therefrom from the time of the commencement of the action to foreclose until expiration of the period of redemption, and to apply the net proceeds therefrom on the deficiency judgment of $2,400, plus costs. From this finding and order the intervenor, Mrs. Anna Potter, appeals.

The notice of appeal was served only upon the plaintiff-appellee and the clerk of the district court. No notice of appeal was served upon any of the defendants named in the petition. The appellee, First Trust Joint Stock Land Bank of Chicago, has filed a motion in this court to dismiss the appeal on the ground that no notice of appeal was served on the defendants.

The sections of the Code in reference to appeals are as follows:

"12834. A part of several coparties may appeal, but in such case they must serve notice of such appeal upon those not joining therein, and file proof thereof with the clerk of the court from which the appeal is taken.

"12837. An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and by filing said notice with return of service indorsed thereon or attached thereto with the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

No resistance to the motion to dismiss was filed in this court. The burden is on the appellant to show that the parties not served with notice of appeal are not necessary parties to the appeal, and that they will not be prejudiced or adversely affected in any manner by any order or decree of the appellate court. And, if a

reversal of the case or any other order or decree by the appellate court will prejudice or adversely affect any party to the action who has not been served with the notice of appeal, the appeal must be dismissed. Jenkins v. Beeler, 213 Iowa 501, 239 N. W. 474; Coggon State Bank v. Woods, 212 Iowa 1388, 238 N. W. 448; Read v. Gregg, 215 Iowa 792, 247 N. W. 199.

As has been disclosed, the net proceeds arising from the rental of the mortgaged premises must be applied, under the decree, toward the payment of the deficiency judgment. The deficiency judgment is against the defendants A. F. Yarcho and Kate S. Yarcho, and both of them would be adversely affected and prejudiced if this appeal should result in a reversal of the order and decree of the lower court. In the event of a reversal, the intervenor-appellant would be entitled to receive the rents and profits arising from the mortgaged premises during the period of redemption, and in such event no application thereof could be made upon the deficiency judgment, and the defendants Yarchos would be deprived of the benefit of having rents and profits used to satisfy or partly satisfy the deficiency judgment against them. This is especially true as to the defendant Kate S. Yarcho, who had nothing to do with the transfer of the lease in question. The defendant John Barclay, who was the tenant upon the mortgaged premises, would also be adversely affected should this appeal result in a reversal. The rentals which he was obliged to pay under the terms of the lease are past due, and the presumption that may be indulged in is that he has paid the rent to the receiver as directed by the decree of the court. If this be true, on a reversal of the case he might, and possibly would be, required to repay the rents to the alleged assignee, Mrs. Anna Potter, intervenor. Barclay did not join in the appeal; neither was a notice of the appeal served upon him.

The case in its facts is almost parallel to the facts as disclosed in the opinion of this court in the case of Read v. Gregg, supra. The issues presented in the case at bar are quite fully discussed in the opinion of Justice Donegan filed in the cited case, and with the discussion in that case and the rule there announced we are satisfied.

It follows that the motion to dismiss this appeal must be, and it is, sustained.—Appeal dismissed.

ALBERT, C. J., and EVANS, KINDIG, STEVENS, MITCHELL, and KINTZINGER, JJ., concur.