L. E. SILBERMAN, Appellee, v. PACIFIC FIRE INSURANCE COMPANY, Appellant.

No. 42423.

JUNE 23, 1934.

Stipp, Perry, Bannister & Starzinger, for appellant.

Lappen, Carlson & Clarke, for appellee.

CLAUSSEN, C. J.—This action was brought by L. E. Silberman to recover from the defendant insurance company upon a policy issued by it, insuring a dwelling house owned by plaintiff against loss by fire. The case was tried to a jury. In the course of the trial it developed incidentally that plaintiff had assigned the proceeds of any judgment that might be rendered in the case to L. Silberman. At the close of all the evidence an amendment to the petition was dictated into the record adding L. Silberman as a party plaintiff; alleging that L. E. Silberman, the original plaintiff, had assigned to L. Silberman all moneys which might be recovered from the defendant in the case; adopting all the proceedings that had been taken in the case up to that time; and asking that any judgment which might be entered in the case be entered in favor of the new plaintiff, L. Silberman. Upon such amendment being dictated into the record, the defendant announced in open court that it had no objection to such record. Ultimately the case was submitted to the jury, which returned a substantial verdict against the defendant. Judgment was entered upon the verdict in favor of L. Silberman. A notice of appeal addressed as follows, "To L. E. Silberman and to Lappen, Carlson & Clarke, his attorneys," was served upon Lappen, Carlson & Clarke, and filed in the office of the clerk of the trial court. No other notice of appeal was served. A motion to dismiss the appeal has been filed in this court because notice of appeal has not been served on L. Silberman.

L. Silberman was a party plaintiff below. The judgment of the trial court was rendered in her favor. She would be vitally affected by a judgment in this court reversing the judgment of the trial court. She is a necessary party to the appeal. The notice of appeal which has been served is limited by its terms to "L. E. Silberman and to Lappen, Carlson & Clarke, his attorneys." Such notice is sufficient only to bring L. E. Silberman into this court, notwithstanding the fact that Lappen, Carlson & Clarke were also attorneys in the lower court for L. Silberman. Fairchild v. Plank, 189 Iowa 639, 179 N. W. 64.

In order that this court may entertain jurisdiction of an appeal, it is essential that notice of appeal be served on all adverse parties having substantial interests in the outcome of the appeal. First-Trust Joint Stock Land Bank of Chicago v. Yarcho, 217 Iowa 95, 250 N. W. 903, and cases cited therein. The motion to dismiss the appeal was ordered submitted with the case. It must be sustained. Consequently, the appeal is dismissed.—Appeal dismissed.

All Justices concur.