HARRY M. SHEA et al., Appellees, v. MARY I. McFARLANE SHEA, Appellant.

No. 43000.

JANUARY 14, 1936.

Herrick & Ary, for appellant.

Maher & Meloy, for appellees.

ALBERT, J.—At the threshold of this case we are met with a motion to dismiss the appeal for want of jurisdiction.

It appears from the record that the original action here brought was by Harry M. Shea (as an individual) and V. D. Shea, as plaintiffs, against the surviving spouse of Thomas Shea, as defendant. On the death of Thomas Shea, Harry M. Shea was appointed administrator of the estate. After this action was commenced, Harry M. Shea made application in that case, alleging that he, as administrator, and the Shea estate were interested in the action, and asking that he, as administrator, be permitted to appear therein and join the plaintiffs. An order was made accordingly by the court, and Harry M. Shea, as administrator, appeared and filed pleading. After the case was determined by the lower court, an appeal was taken by the defendant. The notice of appeal that was served and on which this appeal is based, was entitled, ''Harry M. Shea and V. D. Shea v. Mary I. McFarlane Shea,'' and was directed as follows: ''To Harry M. Shea and V. D. Shea, plaintiffs, and to Maher & Meloy, their attorneys, and to Wayne Flickinger, Clerk of Courts in and for Cherokee County, Iowa;'' and continues: ''You are hereby notified that the defendant in this action has appealed from the judgment and decree,'' etc. Service of this notice of appeal was by indorsement of an acceptance of service of the

notice, signed, "Maher & Meloy, Attorneys for Plaintiffs." It will be noticed, therefore, that no service of the notice of this appeal was made upon Harry M. Shea as administrator, and the notice of appeal was not directed to him as such administrator, nor to Maher & Meloy, as attorneys for the administrator; and the failure thus to serve notice upon Harry M. Shea as administrator of the estate is the basis of the motion to dismiss the appeal for want of jurisdiction.

Generally speaking, under section 12837 of the Code, an appeal is perfected "by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below," etc. We have repeatedly held that, under this provision of the statute, all parties adversely interested to the appellant must have notice of such appeal. We have also discussed in numerous cases what is meant by the term "adverse party." The usual rule is that all persons appearing against the losing party are considered adverse parties. We have modified this, however, to this extent that, although a party may be opposing the losing party, yet, if a reversal of the case will not be to the damage or detriment of such party or his interests, then no notice of appeal need be served on him. Among the later cases where this distinction is made are Cahail v. Langman, 204 Iowa 1011, 216 N. W. 765, and Gray v. Mann, 208 Iowa 1193, 225 N. W. 261.

The fact that the administrator made application to the court to permit him to join as plaintiff in this action, and the court made an order authorizing him to thus appear in the action as plaintiff, shows that the administrator had some interest in the estate which the court deemed it was necessary for the administrator to protect. True, primarily the administrator of an estate is not directly interested in the real estate, except in the event that it is necessary for some part or all of the real estate to be sold to pay debts. To this extent, at least, the administrator is interested in the real estate. The real estate in controversy here was deeded by the deceased to his wife prior to his decease, and the action was to set aside those deeds. The deeds having been set aside by the decree in this case in the lower court, it left the land free to be used, if necessary, for the payment of the debts of the deceased. Had this action not been brought, and an occasion arose for the recall of the land to pay debts of the estate, the administrator would, of necessity, have

had to bring this action to set aside the deeds. To this extent, at least, the administrator of the estate was beneficially interested. If, on appeal, this case were reversed and the deeds held valid and the administrator had not been a party to the action, he would be compelled, in order to pay the debts of the estate, to bring this action to set such deeds aside. We think, therefore, that the administrator was adversely interested to the defendant; and no notice having been served on the administrator or his attorneys as such, this court has never had jurisdiction of this appeal. We have held, in the case of Silberman v. Pacific Fire Insurance Co., 218 Iowa 626, 255 N. W. 646, that, in order that this court may entertain jurisdiction of an appeal, it is essential that notice of appeal be served on all adverse parties having substantial interests in the outcome of the appeal. In that case the omitted party would be affected by the judgment in this court reversing the judgment of the trial court. She was a necessary party to the appeal, and we held on this question to a literal construction of the notice of appeal. See, to the same effect, Fairchild v. Plank, 189 Iowa 639, 179 N. W. 64. It follows, therefore, as a matter of legal conclusion, that this appeal should be and is hereby dismissed.

We might add that we have also read over the fact situation as shown by the record, and reach the conclusion that the decision of the district court was right.—Appeal dismissed.

DONEGAN, C. J., and PARSONS, KINTZINGER, RICHARDS, ANDERSON, POWERS, and HAMILTON, JJ., concur.